## CHAMBERLAIN *v.* CUMING.

*(City Court of Brooklyn, General Term.  February 24, 1890.)*

HUSBAND AND WIFE—SEPARATE MAINTENANCE—DIVORCE.

Where husband and wife enter into articles of separation, the husband is not relieved from liability for money due thereunder by reason of his wife's bringing suit for a limited divorce, in which she applies for alimony and counsel fees, in the absence of any condition to the contrary in the articles.  Following *Clark* v. *Fosdick*, 22 N. E. Rep. 1111; *Galusha* v. *Galusha*, Id. 1114.

Appeal from special term.

Action by Mary L. Chamberlain, as trustee for Maud A. Cuming, against M. A. Cuming.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Walter Thorn,* for appellant.  *George Gru,* for respondent.

OSBORNE, J.  Defendant and the above-named Maud A. Cuming were husband and wife, and differences having arisen between them, they entered into certain articles of separation bearing date December 22, 1887, under which the plaintiff was appointed trustee of Mrs. Cuming.  This action was brought to recover certain sums of money alleged to be due from defendant under said articles of separation.  Plaintiff obtained judgment at special term for $543, and defendant appeals from said judgment.  The substantial contention of the appellant is that he is relieved from any liability under said articles of separation, because his wife subsequently commenced an action against him for a limited divorce, in which she applied for alimony and counsel fees, and that, by the bringing of such action, she rescinded and canceled the agreement for a separation.  In said action for limited divorce the defendant obtained judgment in his favor.  The law on this subject has been effectually settled, in two recent decisions of the court of appeals, against the contention of the defendant.  *Clark* v. *Fosdick*, 22 N. E. Rep. 1111; *Galusha* v. *Galusha*, Id. 1114.  In both of these cases, notwithstanding the wives had obtained absolute divorces from their respective husbands, the court of appeals decided that the obligations of the husband to continue to make the payments provided for by the articles of separation continues, in the absence of any condition to the contrary in the agreement for separation.  Certain exceptions were taken on the trial to the exclusion of testimony.  We have carefully examined them, and can find no error in the rulings of the learned trial judge.

Judgment affirmed, with costs.