### CHAMBERLAIN v. CUMING.

(Supreme Court, Appellate Term. March, 1902.)

**1. HUSBAND AND WIFE—SEPARATION AGREEMENT—VALIDITY.**

Articles of separation between a husband and wife, though referring in words to a separation in futuro, were valid, where, as a matter of fact, the parties were separated when they were entered into.

**2. SAME—WAIVER—RESCISSION.**

An agreement of separation made between a husband and wife was not waived or abrogated by the action of the wife in subsequently obtaining two distinct orders for alimony and counsel fees in suits for divorce and separation, respectively, and in accepting payments thereunder, especially where the sums allowed by the orders were less than those provided for in the agreement.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Mary I. Chamberlain, as trustee, etc., against Mari A. Cuming. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Atwater & Cruikshank, for appellant.

House, Grossman & Vorhaus, for respondent.

GREENBAUM, J. The plaintiff, as trustee named in the separation agreement, brings this action to recover a certain sum claimed to be due thereunder. Two general questions are presented by the appellant:

1. Are certain articles of separation between defendant and his wife void, inasmuch as they refer in words to a separation in futuro? As the pleadings concede that, at and prior to the making of this agreement, the parties, as matter of fact, were separated, the agreement must be deemed valid. Galusha v. Galusha, 116 N. Y. 642, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733.

2. Was the agreement of separation waived, abandoned, or abrogated by defendant's wife's action in subsequently obtaining two distinct orders for alimony and counsel fees in suits for divorce and separation, respectively, and in accepting payments under said orders? The case of Galusha v. Galusha, supra, is also decisive upon the point that proceedings for a divorce taken subsequently to the execution of the separation agreement do not invalidate the agreement. The

Galusha Case would further seem to be authority upon the question of alimony. It holds that where a valid agreement has been made between husband and wife, through the intervention of a trustee, the court will not, in an action for divorce, grant further alimony. It must therefore follow that, in the suits for divorce and separation brought by Mrs. Cuming, the courts erroneously granted further alimony. It does not appear that the defendant appealed from the orders granting alimony. The appellant cites no authority for the proposition that the improper granting of alimony and its acceptance by a wife under the circumstances of this case would operate as a rescission or modification of the contract of separation. In a previous action between the parties to this appeal, brought upon the identical articles of separation, for certain sums then alleged to be due thereunder, the city court of the city of Brooklyn held the defendant liable under substantially a similar state of facts. Chamberlain v. Cuming (City Ct. Brook.) 8 N. Y. Supp. 851. The appellant, however, contends that it did not appear in the Brooklyn city court case that Mrs. Cuming had, as matter of fact, received alimony and counsel fees under the orders, and that in the present action it appears that she has from time to time accepted the sums allowed under these orders; and the appellant therefore urges that the acceptance of these moneys operated as an abandonment, abrogation, or modification of the separation agreement. The reasoning of the appellant does not seem to be sound. No injustice has been done to him, inasmuch as the sums allowed by the orders were less than those provided for in the agreement. It might also be urged that the plaintiff was not a party to the divorce or separation suit, and hence is not in any way affected by the orders for alimony, and the acceptance thereof by defendant's wife. A suit to declare the agreement invalid, or some other proceeding in a court of equity, would seem to be the correct method impeaching the instrument.

In the absence of any decree attacking this agreement, the municipal court would have no jurisdiction to consider equitable defenses. The judgment is affirmed, with costs.

Judgment affirmed, with costs. All concur.