[Civ. No. 5764. First Appellate District, Division One.—May 24, 1927.]

EMILIE ROBERTS, Respondent, v. ELMORE W. ROBERTS, Appellant.

[1] HUSBAND AND WIFE — DIVORCE — AGREEMENT AS TO AMOUNT OF MAINTENANCE—REFUSAL OF TRIAL COURT TO RECOGNIZE VALIDITY OF—PUBLIC POLICY—REMEDIES.—Where husband and wife entered into a written agreement for settlement of property rights and maintenance in contemplation of divorce, the fact that in the subsequent action of divorce brought by the wife the court's conclusions of law held certain clauses of said agreement, providing for the incorporation in the decree of provisions relating to the amount of alimony, to be void as against public policy, but sustained the agreement in all other respects, did not prevent the wife from bringing action thereon after divorce.

[2] ID. — AGREEMENT FIXING AMOUNT OF ALIMONY—PUBLIC POLICY— JUDGMENTS. — A decree in a divorce action holding clauses in a maintenance agreement relating to the amount of alimony void as

---

2. See 1 Cal. Jur. 954, 955; 9 Cal. Jur. 823.

against public policy invalidated the agreement only in so far as the enforcement of the terms of said excepted clauses were concerned, as the parties could not by agreement control the action of the court in fixing the amount of alimony nor interfere with its powers in that respect.

[3] ID.—AGREEMENT FOR DIVORCE—ENFORCEMENT OF.—Any agreement for divorce, or any collateral bargaining promotive of it, is void and will not be enforced.

[4] ID. — COMMUNITY PROPERTY — AUTHORITY OF COURT.—In divorce actions, the trial court has unlimited authority to make disposition of the community property.

[5] ID. — AGREEMENT OF HUSBAND AND WIFE SETTLING PROPERTY RIGHTS—DISREGARD BY TRIAL COURT WHERE OBJECT IS DISSOLUTION OF MARRIAGE. — Whenever an agreement is presented to and urged upon the court for acceptance as the basis for a decree settling property rights of the parties to a divorce action, the court has jurisdiction to disregard the agreement as *contra bonos mores*, where it has for its object the dissolution of the marriage, or facilitates that result.

[6] ID. — MARRIAGE — CONTRACTS PROMOTIVE OF DISSOLUTION — NON-ENFORCEMENT OF.—The law favors marriage, and cannot sanction contracts intended to promote its dissolution by lending itself to their enforcement.

[7] ID. — SETTLEMENT OF PROPERTY RIGHTS — AGREEMENT BETWEEN HUSBAND AND WIFE — SUSTAINED WHEN FREE FROM ILLEGAL OBJECTS. — An agreement entered into between husband and wife, under section 158 of the Civil Code, for the settlement of property rights in contemplation of divorce will be sustained where it is free from illegal objects and influences.

[8] ID. — VALIDITY OF AGREEMENT — ACTION BY WIFE.—The refusal of the trial court in a divorce action to follow certain clauses of an agreement in settlement of property rights and maintenance entered into by the parties in contemplation of divorce did not constitute an adjudication that the balance of the agreement was void so as to prevent the wife from suing upon the agreement for the difference between the amount awarded by the court as alimony and the amount stipulated in the agreement, where the court specifically found that the agreement, except as to said clauses, was in all respects valid and binding.

3.   See 1 R. C. L. 924.

7.   Agreement relating to alimony as valid contract, note, 11 Ann. Cas. 379. See, also, 1 Cal. Jur. 954; 9 Cal. Jur. 821.

8.   See 9 R. C. L. 536.

[9] ID.—PAYMENTS—HOW CREDITED.—Where a divorced wife has concurrent remedies under a property settlement agreement and a divorce decree, payments made under one should be credited to the amount due under both.

(1) 19 C. J., p. 295, n. 13.   (3) 13 C. J., p. 463, n. 70.   (4) 19 C. J., p. 333, n. 31.   (5) 19 C. J., p. 340, n. 69.   (8) 30 C. J., p. 1067, n. 71.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.   Affirmed.

The facts are stated in the opinion of the court.

James Donovan for Appellant.

John L. McVey for Respondent.

KNIGHT, J.—This is defendant's appeal from a judgment rendered against him in an action to recover money claimed to be due under a written agreement entered into between defendant and plaintiff as husband and wife.

The agreement in question was executed on August 26, 1924, about six weeks after the parties had separated, and provided among other things for a property settlement including the payment to plaintiff by defendant of the sum of $100 a month as maintenance.   Shortly after the execution of said agreement plaintiff commenced an action for divorce upon the ground of extreme cruelty, alleging in her complaint that there was no community property; that the property rights had been settled between them by the written agreement of August 26, 1924, as a part of which settlement defendant promised and agreed to pay her the sum of $100 a month as maintenance; and she therefore asked that the decree of divorce which she was seeking embody a provision directing such payment to be made.   One of the several defenses interposed by defendant was that said agreement was void, as contra bonos mores, but upon trial that defense was not sustained, the court making findings upholding the legality of said instrument except as to two clauses thereof which will be hereinafter referred to.   Thereupon an interlocutory decree of divorce was granted, but the court, refusing to be bound by the two clauses above mentioned, which

related to the amount of maintenance which the parties had agreed should be allowed plaintiff in case of divorce, awarded plaintiff monthly maintenance in the sum of $65 instead of $100 as stipulated in said agreement. The interlocutory decree was entered on November 14, 1925, and no appeal was taken therefrom.

Subsequently, and on May 8, 1926, plaintiff commenced the instant action to collect the accrued payments claimed to be due under said settlement agreement minus the amount of alimony granted by the court under the divorce decree, which the defendant had paid. Defendant urged as one of his defenses that the agreement upon which plaintiff's action was founded had been declared void by the decision in the divorce action, and that therefore its terms were not afterwards enforceable. The trial court expressly negatived this defense, and held affirmatively that the decision in the divorce action established that said agreement was "a valid, subsisting, and legal agreement between the parties thereto" except as to the two clauses above mentioned, and that no appeal having been taken, the decision and decree therein became final and conclusive against the parties in the present action "as to the questions involved herein respecting said agreement." Whereupon plaintiff was given judgment for $910, of which sum $700 represented the full amount of the monthly allowance called for under said agreement from the date of its execution up to the time of the entry of the interlocutory decree of divorce, the balance representing the difference of $35 a month between the amount of the monthly maintenance fixed by said agreement and the amount awarded by the court and paid by the defendant in the divorce action, from the date of the interlocutory decree to the date of judgment herein; and the court further declared in its decision: "That said plaintiff has concurrent remedies against defendant, one under said interlocutory decree for the payment of alimony and one upon said written agreement; that any moneys paid by said defendant to plaintiff for her maintenance and support over and above the sum of seven hundred dollars ($700) which was due upon said agreement at the time of the giving and making of said interlocutory decree of divorce shall be credited both upon said judgment for alimony and upon said agreement."

[1]   The principal question presented is whether the refusal of the trial court in the divorce proceeding to follow the two clauses of said agreement relating to the amount of maintenance, upon the grounds therein stated, constituted an adjudication that the portion of the agreement now being sued upon was void as *contra bonos mores*.   Defendant contends that it was, and upon the assumption that the adverse finding on that issue in the instant action is not supported by the facts, has devoted much of his brief to a discussion of the question of the invalidity of that portion of said agreement upon the grounds mentioned.

The record in the divorce action discloses that the issue as to the validity of the entire agreement was brought squarely before the trial court for determination under the affirmative allegations of defendant's answer to the effect that said agreement was void as being against public policy, and the court found specifically against those allegations, its finding being: "That it is not true that said contract is or that all the terms thereof are against public policy in violation of the express provisions of law relating to domestic relations between husband and wife or otherwise . . . "  Following this finding the court set forth said agreement in full, which in part provided as follows: "Now therefore, the party of the first part (defendant) hereby agrees to pay to the party of the second part as and for her maintenance and support, the sum of $100.00 per month, and in addition thereto agrees to turn over and deliver to the second party" certain shares of corporate stock and household furnishings. In its conclusions of law, however, the court quoted again the two accepted clauses of said agreement above referred to, which provided that "in any action for divorce which may be filed by either of the parties against the other, the court may award to the party of the second part [plaintiff] in the event that any decree of divorce is given or made in her favor, the sum of $100 per month as and for maintenance and alimony, and may incorporate in any such decree the provisions of this agreement respecting the property rights of the parties hereto," said monthly maintenance to terminate if plaintiff should remarry; and with reference to these latter clauses found that the same were "void as against public policy, *but that in all other respects the agreement is a valid, subsisting, and legal agreement between the parties thereto.*"

(Italics ours.) Thereupon, refusing to be bound by the provisions of the two clauses above mentioned, the court awarded plaintiff alimony in the sum of $65 a month only. There was no finding whatever, however, as defendant seems to contend, that the agreement made by defendant to pay plaintiff the said sum of $100 a month was void for any reason.

[2] From the foregoing we conclude that the trial court correctly held in the instant action that its decision in the divorce proceeding definitely disposed of the question of legality of said agreement adversely to defendant's contention, and that in the absence of an appeal the decision and judgment therein has become final. The language used by the court, in the divorce action, in declaring the two clauses above referred to "void as against public policy," when reasonably construed in the light of the entire decision, means simply that so far as the enforcement of the terms of said two excepted clauses were concerned the parties could not presume to control by agreement the action of the court in fixing the amount of alimony in a divorce proceeding nor to interfere with its powers in that respect; and to the extent that they had attempted to do so, those clauses of said agreement were void as against public policy.

[3] Any agreement for divorce, or any collateral bargaining promotive of it, is considered unlawful and void; [4] and furthermore in divorce actions the trial court has unlimited authority to make disposition of the community property. (*Newman* v. *Freitas*, 129 Cal. 283 [50 L. R. A. 548, 61 Pac. 907], citing Bishop on Marriage, Divorce and Separation, sec. 696; Greenwood on Public Policy, 490.) [5] Consequently, whenever an agreement is presented to and urged upon the court for acceptance as basis for a decree settling the property rights of the parties, the court necessarily has jurisdiction to consider the agreement and to disregard the same as *contra bonos mores* if it finds that the same has for its object the dissolution of the marriage, or the facilitating that result, such as an agreement by the defendant in a pending action for divorce to withdraw his or her oppositions and to make no defense. (*Newman* v. *Freitas*, *supra*; *McCahan* v. *McCahan*, 47 Cal. App. 174 [190 Pac. 458].) [6] The doctrine stated is founded upon the proposition that the law favors marriage, and cannot therefore

sanction contracts intended to promote its dissolution by lending itself to their enforcement. (*Muckenburg* v. *Holler,* 29 Ind. 139 [92 Am. Dec. 345]; *Newman* v. *Freitas, supra.*) [7] But it is also the law that either husband or wife may enter into any agreement or transaction with the other respecting property which either might if unmarried (Civ. Code, sec. 158); and therefore, if after scrutinizing the agreement entered into between them for the settlement of their property rights and the circumstances under which it was made, the trial court ascertains and determines that the same is free from the illegal objects and influences above mentioned, it may affirm the agreement (*McCahan* v. *McCahan, supra*), and the force given thereto derives its sanction from the decree made by the court with a knowledge of the facts (*Loveren* v. *Loveren,* 106 Cal. 509 [39 Pac. 801]).

[8] In the divorce action here the trial court determined upon the evidence adduced before it and after considering the text of the agreement that said agreement was not entered into in violation of the policy of the law or contrary to good morals, and was therefore valid, but in the exercise of its power as a court of equity it declined to follow the two clauses thereof relating to the matter of fixing the amount of plaintiff's maintenance. It is apparent, however, that this latter action on the part of the court in no way affected its express general finding that otherwise said agreement was valid; and being valid its executory terms were not abrogated or rendered ineffectual by plaintiff's subsequent application for a divorce, and she was therefore entitled to enforce the same in the present action. (*Carey* v. *Mackey,* 82 Me. 516 [17 Am. St. Rep. 500, 9 L. R. A. 113, 20 Atl. 84]; *Galusha* v. *Galusha,* 116 N. Y. 635 [15 Am. St. Rep. 453, 6 L. R. A. 487, 22 N. E. 1114]; *Pryor* v. *Pryor,* 88 Ark. 302 [129 Am. St. Rep. 102, 114 S. W. 700]; *Chamberlain* v. *Cuming,* 37 Misc. Rep. 815 [76 N. Y. Supp. 896]; *Van Horn* v. *Van Horn,* 196 App. Div. 472 [188 N. Y. Supp. 98]; *Clark* v. *Fosdick,* 118 N. Y. 7 [16 Am. St. Rep. 733, 6 L. R. A. 132, 22 N. E. 1111]; 9 R. C. L. 536.)

[9] The portion of the decree declaring that plaintiff was entitled to concurrent remedies under both the agreement and the divorce decree, and that payments under the former of any sum over $700 should be credited on both, is in conformity with the ruling in the case of *Newell* v. *Newell,* 28

Cal. App. 784 [154 Pac. 32]. There the husband entered into an agreement to pay the wife $75 per month as maintenance and subsequently a divorce was granted in her favor with a provision for the payment of $75 per month as alimony. It was contended by the husband that the granting of such alimony by the court required him to pay $75 a month under the decree and that he was also obliged to pay an additional $75 per month under the agreement. The court held this contention to be without merit, saying: "Conceding that he may be bound by both the order and agreement to pay said sum, and upon default plaintiff might have concurrent remedies in enforcing payment, nevertheless the payment of $75 per month would not only satisfy his obligation existing by virtue of the agreement made with plaintiff, but at the same time satisfy the obligation imposed upon him by the order and decree made in accordance with the terms of the agreement and pursuant to the prayer of the complaint."

For the reasons hereinabove stated, we are of the opinion that the judgment should be affirmed, and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.