[Civ. No. 10867.   Second Appellate District, Division Two.—June 5, 1936.]

OLGA M. GUMMERSON, Respondent, v. CHARLES W. GUMMERSON, Appellant.

Jennings & Belcher and C. P. Von Herzen for Appellant.

Ellis & MacLaren, Kimpton Ellis and Towson T. MacLaren for Respondent.

WOOD, J.—Plaintiff commenced this action to recover from defendant a sum due in accordance with the terms of a property settlement agreement made between the parties on April 1, 1924, at which time they were husband and wife, but not living together. Defendant prosecutes this appeal from a judgment in plaintiff's favor.

The following provisions among others appear in the property settlement agreement: "Whereas, the parties hereto desire to agree upon and forever settle their respective property rights to make and effect a full and complete settlement of their rights and obligations toward each other and all rights that may after accrue by reason of said marriage . . . that the party of the second part shall pay to the party of the first part for her support and the support of said minor child the sum of $100.00 per month, payable $50.00 on the 1st and 15th of each and every month, beginning April 1st, 1924. Said payments to continue until said minor child will have attained the age of 18 years or completed her education and the party of the second part expressly agrees to continue such payments of $100.00 per month until the said minor child's

High School and College education is completed provided said child is not married before her education is completed . . . The party of the first part hereby agrees to accept the payment as hereinabove specified as a full and complete settlement of all property rights or claims against the party of the second part . . . that each of the parties hereto does forever relinquish all claims, as to community property or otherwise to the property in possession of or under the control of the other or to the accumulation of said property and each of the parties hereto does forever relinquish and release any and all earnings and accumulations of the other."

Plaintiff secured a decree of divorce from defendant on August 4, 1924, by the terms of which plaintiff was awarded the custody of the minor child of the parties. The decree provided that defendant should pay to plaintiff "the sum of $100 per month for the support of herself and said minor child . . . all in accordance with an agreement between plaintiff and defendant on file herein". On April 13, 1932, upon application of the defendant, the court in the divorce action modified the divorce decree by reducing the amount of the payments for the support of the minor child to $50 per month until the child should become 21 years of age or self-supporting or until further order of the court and relieving the defendant of the duty of making further payments for the support of the plaintiff herself. Thereafter defendant paid the plaintiff the sum of $50 per month until April 30, 1934, after which date, except for a payment of $25, defendant refused to make further payments either for the support of plaintiff or for the support of the child. It was stipulated that the child's education was completed on January 31, 1935. The payments for which judgment was rendered were for the period ending January 31, 1935.

■ Defendant contends that there was no consideration for the agreement on the part of the husband; that the agreement was void as against public policy; and that it was merged in the judgment of the divorce court by which it is claimed defendant was relieved from making payments in compliance with the terms of the agreement. None of these contentions should be sustained. The mutual promises afforded sufficient consideration for the agreement. ■ Nothing appears in the contract to indicate that the agreement was made in consideration of a promise to secure a divorce. Although

there was testimony to that effect by the defendant the testimony of the plaintiff was to the contrary. There is a conflict in the testimony and the finding of the trial court, based as it is upon substantial evidence, is binding upon the court.

It cannot be disputed that the plaintiff and defendant while married and living apart could enter into a valid property settlement agreement and that such an agreement will be enforced by the court whether a divorce action be pending or not provided it is properly made and is not against public policy. The fact that the court in the divorce action decided at the first hearing to order the monthly payments provided in the agreement did not deprive the plaintiff of her right to enforce compliance with its terms in a separate action if necessary. Neither did the fact that the court in the divorce action later made an order reducing the amount of the payments in any way impair the right of plaintiff to insist upon compliance with the agreement. In *Roberts* v. *Roberts,* 83 Cal. App. 345 [256 Pac. 826], the court had before it a case in which the facts were quite similar to those of the present case. The court said: ''In the exercise of its power as a court of equity it declined to follow the two clauses thereof relating to the matter of fixing the amount of plaintiff's maintenance. It is apparent, however, that this latter action on the part of the court in no way affected its express general finding that otherwise said agreement was valid; and, being valid, its executory terms were not abrogated or rendered ineffectual by plaintiff's subsequent application for a divorce, and she was therefore entitled to enforce the same in the present action.'' In *Griffith* v. *Superior Court,* 1 Cal. (2d) 381 [35 Pac. (2d) 317], a case in which the court in a divorce action relieved the husband from making payments which had been ordered in the original decree in the same sum as provided in the agreement of the parties, but until the further order of the court, the Supreme Court said: ''It therefore follows that the court, in accordance with its statutory power, could modify the order for the payment of alimony by ordering the reduction or cessation of payments provided thereunder, and that the exercise of the power in this case was within its jurisdiction. The court could not, of course, and did not, attempt to change the terms of the agreement previously entered into and approved by the court in the divorce proceedings, and the terms of that agreement are still binding

between the parties, and may be the subject of a civil action for its enforcement.''

The judgment is affirmed.

Gould, J., *pro tem.*, and Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 3, 1936.