[Civ. No. 11997. First Dist., Div. Two. Feb. 27, 1942.]

GLADYS CHARLES MAKZOUME, Appellant, v. VICTOR
ANTOINE MAKZOUME, Respondent.

230

Mark M. Cohen and Irwin M. Fulop for Appellant.

No appearance for Respondent.

NOURSE, P. J.—Plaintiff sued for divorce on the grounds of cruelty, and prayed for the custody of the minor child of the marriage, for an award for support and maintenance of the minor child, and for alimony for herself, all in accordance with the terms of a prior separation agreement and property settlement. The defendant defaulted and a trial was had upon the complaint. All the material allegations of the complaint were proved and the separation agreement was received in evidence. The trial court entered an interlocutory decree upon the grounds alleged, awarded plaintiff custody of the child, made provision for its maintenance, but did not specifically mention the agreement of the parties, and made no provision for the support of the plaintiff. The latter has appealed from that portion of the decree failing to confirm the property settlement agreement and failing to award her any alimony. The respondent does not contest the appeal.

The agreement in evidence made a division or adjustment of the respective rights of the parties in both community and separate property. It is specially authorized by section 159 of the Civil Code. When such agreements are not procured through fraud, undue influence, or coercion, they are highly favored in the law. (*Hensley* v. *Hensley*, 179 Cal. 284, 287 [183 Pac. 445].)

Having pleaded and proved the agreement, the appellant waived her claim to an adjustment of the respective rights in the community property, and asked for alimony in the sums agreed upon. If the agreement is to be ignored the community property should be awarded appellant in accordance with the provisions of section 146 of the Civil Code. The record fails to disclose any reason why the agreement should not have been approved.

In all actions of this character the matter of awarding

the innocent spouse alimony is left in the first instance to the discretion of the trial court. (Sec. 137 of the Civ. Code.) But this discretion is not arbitrary. ". . . it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband. . . . In a legal sense, discretion is abused whenever, in its exercise, a court exceeds the bounds of reason,—all the circumstances before it being considered." (1 Cal. Jur. 965.)

Here the evidence is that the husband had an income of $400 a month; there is no evidence that the wife had any income or property of any disclosed value. The property settlement agreement was itself evidence that the sum of $75 a month, which the husband agreed to pay as alimony, was a reasonable and fair sum for that purpose. (See 27 Cal. Jur. 232, and *Divani* v. *Donovan*, 214 Cal. 447, 455 [6 Pac. (2d) 247], for the analogous rule that the contract price is some evidence of reasonable value, though the contract itself be unenforceable.) There was also evidence that the defendant was able to pay the amount agreed upon, and that it was necessary for the support of the wife. There was thus a sufficient showing to entitle plaintiff to some award in the nature of alimony, and no showing to the contrary.

The failure to approve or disapprove the settlement agreement leaves the issues of the litigation unsettled and in confusion. There is no rule requiring that the terms of such an agreement be adopted in the decree, but "Unless the court specifically declares the agreement to be illegal and against public policy, the agreement stands and may be treated as an independent contract subject to such construction and judicial disposition as the terms, facts and circumstances warrant. (*Roberts* v. *Roberts,* 83 Cal. App. 345 [256 Pac. 826]; *Gummerson* v. *Gummerson, supra* [14 Cal. App. (2d) 394 (58 Pac. (2d) 394)] *Armstrong* v. *Armstrong, supra* [132 Cal. App. 609 (23 Pac. (2d) 50)].) If the decree modifies or supersedes some provision of the agreement, one party may have concurrent remedies, but a defaulting party may be bound by both the decree and the agreement." (*Robertson* v. *Robertson,* 34 Cal. App. (2d) 113, 117 [93 Pac. (2d) 175].)

Herein lies the detriment to the appellant in the form of the decree appealed from. If the agreement had been approved by the trial court she would have the concurrent remedies of enforcing its terms, either by direct action on the

contract, or by summary proceedings in the divorce action. The form of the decree entered does not determine this issue, which was properly presented and tried. By accepting the portion of the agreement relating to the custody and maintenance of the minor child, and the portion relating to attorney's fees, the judgment leaves the parties in doubt whether it was intended to adopt or reject the agreement. The rule applicable here is well stated in 33 C. J. at page 1102, *et seq.*: "A judgment must be definitive. By this is meant that the decision itself must purport to decide finally the rights of the parties upon the issue submitted, by specifically denying or granting the remedy sought by the action. The converse of this proposition is also true, and every definitive determination of the rights of the parties in a proceeding before a competent tribunal is a judgment."

The portions of the decree appealed from are reversed, and the cause is remanded for the modification of the decree in accordance herewith.

Sturtevant, J., and Spence, J., concurred.