[Civ. No. 14484. Second Dist., Div. Three. Dec. 20, 1944.]

SHIRLEY KOSLOFF, Appellant, v. MAURICE KOSLOFF, Respondent.

Ray Sandler for Appellant.

No appearance for Respondent.

DESMOND, P. J.—Plaintiff appeals from that portion of an interlocutory decree of divorce, entered upon a default hearing, which, while awarding her a divorce, failed to approve a property settlement agreement which she and her husband had executed or to provide for payment to her of alimony and support. This appeal is not contested by respondent.

On August 6, 1942, plaintiff filed a separate maintenance action against defendant. Thereafter, and on the 10th day of August, 1942, the parties entered into a property settlement agreement wherein they agreed "to settle and adjust between themselves the provisions which shall be made for the support of First Party [plaintiff] and the minor children and to adjust, liquidate and forever settle between themselves all rights and claims of each as against the separate property

of the other and as against the community property of both." It provided, among other things, that the defendant was to pay plaintiff "for her support and maintenance and for the term of her natural life" the sum of $100 a month, it being "specifically understood and agreed that the said sums provided to be paid by Second Party [defendant] to First Party shall be paid for the support and maintenance of First Party, and any and all obligations of Second Party to pay or contribute any sum or thing of value whatsoever to First Party for her support and maintenance shall be completely fulfilled by the payment of the sums herein provided to be paid. Provided, further, that in the event the marital relationship of the parties shall hereafter be terminated by divorce and in the event First Party shall thereafter contract another valid marriage, any and all obligation of Second Party to pay or contribute toward the support of First Party shall terminate upon the date of such remarriage." It further provided that the care and the custody of the two minor children was to be given to plaintiff and "Subject to the order of any court of competent jurisdiction, Second Party shall pay to First Party for the support and maintenance of the said minor children, the sum of Fifty Dollars ($50.00) per month for each child, or a total of One Hundred Dollars ($100.00) per month, payable upon the 1st day of each and every month thereafter." Here follow certain other provisions respecting an additional cash payment of $1,000 to plaintiff, attorney's fees, and the disposition of certain household furniture and furnishings and two automobiles. The agreement also contains the following provisions: "NINTH: The payments herein provided for shall be, and it is hereby expressly agreed that the same shall be accepted by First Party upon the following conditions: 1. In payment of Second Party's obligation to maintain and support First Party during her natural life. 2. In full payment, discharge and satisfaction of, and for all dower, and right of dower, of First Party in any and all property now, or heretofore owned, or which may hereafter be acquired by Second Party wherever situated. 3. In full payment, discharge and satisfaction of all right, title and interest, claims or demands of any and every character of First Party in or to any money, property, property right or thing of value now, or hereafter owned or acquired by Second Party. . . . THIRTEENTH: It is understood that in any legal action or proceeding relating to

the marital status of the parties, this agreement will be introduced in evidence in such cause and that the terms and provisions hereof may be, and become a part of any decree or judgment which may be rendered by any court of competent jurisdiction in such action. . . . SIXTEENTH: The parties agree that they have made a careful study of the terms and provisions of this agreement for the purpose of insuring a final, definite, fair, just and equitable settlement between them which the parties hereto, after careful study and consideration, declare this agreement to be.''

On the same day, namely, August 10, 1942, plaintiff filed an amended complaint for divorce on the ground of cruelty, alleging among other matters, that plaintiff ''has no means or income with which and by which to prosecute this action, to defray the costs thereof or to maintain and support herself and said minor children''; and that defendant ''is an able-bodied man and has financial means with and by which to provide support and maintenance for plaintiff and the said minor children. That plaintiff and defendant heretofore entered into an agreement in writing, a copy of which is hereto attached, and marked 'Exhibit A', and by this reference made a part hereof, which said agreement determines and settles mutual rights and obligations of the parties. That defendant is well able to pay and provide the sums therein agreed to be paid and provided.'' The prayer of the complaint sought, among other things, the custody of the two minor children, Ella Mae, age fifteen years, and Jerry, age thirteen years; the approval of the agreement; a judgment ''in accordance with the terms and provisions of said agreement''; an order that defendant ''pay to plaintiff the sums in said agreement provided to be paid''; and for ''such other and further relief as the Court may deem meet and just in the premises.''

All the material allegations of the complaint were proved by plaintiff and corroborated and the property settlement agreement was introduced and received in evidence. In addition to the testimony concerning defendant's acts of cruelty, the following took place during the trial:

''THE COURT: [Addressing plaintiff on the witness stand] Well, how much do you think it will cost to keep them [the two minor children of the parties] and maintain them? A. Well, I have been earning about $200.00 a month. I have been spending $200.00 a month on them. Q. How could you spend $200.00 a month on children of that age? A. I mean

with the rent. Q. I am asking you about the children. That is all I am interested in right now. A. You mean about the food? Q. I cannot make it any plainer than I have made it. I have asked the question twice. I will just have to use my own discretion. Anything further? You want the custody of the children, I suppose? A. Yes, your Honor. Q. And what do you do for a living? A. I do not do anything. I just stay home and take care of the children; I have been ill. Q. By MR. SANDLER: Mrs. Kosloff, one or two more questions: You have been receiving pursuant to the property settlement, $200.00 a month? A. Yes, sir. Q. And do you know how the allowance of that $200.00 is divided up? A. Yes, and the children each get $50.00 and I get $100.00 for myself. Q. And does it take just about that $200.00 to support yourself and your children? A. Yes, sir, every bit of that. . . . THE COURT: . . . The plaintiff will take her decree and the custody of the two children, and as long as the parties have agreed on that amount I won't change it, although I think it is altogether too much for the support of two children of this age, but I will make the award for the support of the children, but I will split it up, because I never make an award in a lump sum for two or more children. So he will be ordered to pay $50.00 a month for each child. Now, do you want that to be paid to the court trustee or direct? MR. SANDLER: I think it would be all right to pay it direct, your Honor. THE COURT: In one payment a month? MR. SANDLER: The way the agreement reads, your Honor—— THE COURT: I do not care how the agreement reads. MR. SANDLER: In one lump sum would be satisfactory. THE COURT: On what day? MR. SANDELR: On the 1st of the month. THE COURT: All right, then he will be ordered to pay $50.00 a month for the support of each one of the children, payable on the first of each month commencing April 1st, 1943. . . .''

The interlocutory decree of divorce which was signed by the trial judge awarded the custody of the minor children to the plaintiff and made provision for their support, but showed as cancelled the following paragraphs which were not adopted by the court:

''IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Agreement of the parties entered into on or about the 10th day of August, 1942, be, and the same is, hereby approved, and defendant is ordered to make each and every pay-

ment, and do and perform each and every act therein provided;

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that defendant pay to plaintiff for her support and maintenance the sum of One Hundred Dollars ($100.00) on the 31st day of March, 1943, and a like sum of One Hundred Dollars ($100.00) upon the last day of each and every month thereafter during the natural life of the plaintiff; provided, however, that said payments may be terminated in the event plaintiff contracts another valid marriage.

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff be and she is hereby awarded all of the household furniture and furnishings of the parties, now in the possession of the plaintiff, together with that certain 1937 Ford automobile to be henceforth her sole and separate property, and that defendant be, and he is, hereby awarded that certain 1937 Packard automobile to be henceforth his sole and separate property."

This decree was silent concerning the property settlement agreement, made no provision for the support of plaintiff, and made no disposition of any of the property, community or separate, belonging to the parties.

In support of her appeal, plaintiff relies upon but one case, *Makzoume* v. *Makzoume* (1942), 50 Cal.App.2d 229 [123 P.2d 72]. In that case, involving a factual situation almost identical with the case at bar, the plaintiff-wife appealed from a portion of the interlocutory decree which failed to confirm the property settlement agreement and failed to award her any alimony. The action was one for divorce; the property settlement agreement was pleaded and received in evidence; and the wife prayed for support money for the minor child of the parties and alimony for herself. That case was heard before the same trial judge who heard the case at bar, and while the plaintiff was awarded the custody of the minor child and provision made for its maintenance, the court did not specifically mention the agreement nor did it make any provision for plaintiff's support. On appeal the portions of the decree appealed from were reversed and the cause was remanded for modification. It is interesting to note that in that case, as here, there was a sufficient showing to entitle plaintiff to some award in the nature of alimony, there being "no showing to the contrary." Since the Makzoume case is available in our reports and since in our opinion it answers

satisfactorily the questions involved in the present case, we do not quote from it at length, but the following extracts are pertinent and are adopted with our approval as governing the situation presented by this appeal: "In all actions of this character the matter of awarding the innocent spouse alimony is left in the first instance to the discretion of the trial court. (Sec. 137 of the Civ. Code.) But this discretion is not arbitrary. '. . . it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities and the financial ability of the husband. . . . In a legal sense, discretion is abused whenever, in its exercise, a court exceeds the bounds of reason,—— all the circumstances before it being considered.' (1 Cal.Jur. 965.) . . . The failure to approve or disapprove the settlement agreement leaves the issues of the litigation unsettled and in confusion. There is no rule requiring that the terms of such an agreement be adopted in the decree, but 'Unless the court specifically declares the agreement to be illegal and against public policy, the agreement stands and may be treated as an independent contract subject to such construction and judicial disposition as the terms, facts and circumstances warrant. (*Roberts* v. *Roberts,* 83 Cal.App. 345 [256 P. 826]; *Gummerson* v. *Gummerson, supra,* [14 Cal.App.2d 450 (58 P.2d 394)] *Armstrong* v. *Armstrong, supra* [132 Cal.App. 609 (23 P.2d 50)].) If the decree modifies or supersedes some provision of the agreement, one party may have concurrent remedies, but a defaulting party may be bound by both the decree and the agreement.' (*Robertson* v. *Robertson,* 34 Cal.App.2d 113, 117 [93 P.2d 175].)

"Herein lies the detriment to the appellant in the form of the decree appealed from. If the agreement had been approved by the trial court she would have the concurrent remedies of enforcing its terms, either by direct action on the contract, or by summary proceedings in the divorce action. The form of the decree entered does not determine this issue, which was properly presented and tried. By accepting the portion of the agreement relating to the custody and main-tenance of the minor child, and the portion relating to attorney's fees, the judgment leaves the parties in doubt whether it was intended to adopt or reject the agreement. The rule applicable here is well stated in 33 C.J., at page 1102 *et seq.*: 'A judgment must be definitive. By this is meant that the

decision itself must purport to decide finally the rights of the parties upon the issue submitted, by specifically denying or granting the remedy sought by the action. The converse of this proposition is also true, and every definitive determination of the rights of the parties in a proceeding before a competent tribunal is a judgment.' "

█ Since the appellant in the instant case, by the terms of the agreement which she made with her husband, assumed the care of her two minor children, and since the court granted her their custody with the knowledge that she was not employed and, according to her complaint, was not possessed of "means or income with which . . . to maintain and support herself and said minor children," we would not consider unreasonable a monthly allowance of $200 for the support of the household, especially where the wife pointed out the necessity of paying rent from the funds provided and the property settlement agreement, which was admitted in evidence, showed the ability and obligation of the husband to pay that sum. If the trial court felt that the allowance of $50 per child was too much, he had power to order a smaller sum paid for the children's support and a larger amount for their mother. Instead, as we have seen, he allowed her nothing, nor did he make any order as to the disposition of the property of the parties.

The portion of the decree appealed from is reversed and the cause remanded for modification of the decree in accordance with the views herein expressed.

Wood (Parker), J., and Fox, J. pro tem., concurred.