349 P.2d 556

Reoma TAYSOM, Respondent,

v.

Ray TAYSOM, Appellant.

No. 8803.

Supreme Court of Idaho.

Feb. 16, 1960.

L. H. Merrill, Idaho Falls, for appellant.

Holden, Holden & Kidwell, Idaho Falls, for respondent.

SMITH, Justice.

Reoma Taysom, respondent and cross-appellant in the pending appeal, and plaintiff in a divorce action consummated during March, 1952, in the Ninth Judicial District Court in and for Bonneville County, is hereinafter referred to as respondent.

Ray Taysom, appellant and cross-respondent in the pending appeal, and defendant in the referred to divorce action, is hereinafter referred to as appellant.

The parties, respondent and appellant, March 15, 1952, executed a written stipulation, which they designated a property settlement agreement, in the presence of their counsel, reciting that should the Ninth Judicial District Court in and for Bonneville County grant respondent a decree of divorce from appellant in the divorce action, then pending in the court, the parties would divide and settle their community property interests as set out in the instrument. The closing covenant of the parties recites in part:

"The aforesaid Property Settlement Agreement is a full and complete settlement of all claims and/or property rights of every kind and character growing out of said marriage that either party may have against the other * * *."

March 19, 1952, the district court granted respondent a divorce from appellant; the court, in its decree, made a finding relating to a property settlement, as follows:

"The parties hereto have heretofore settled * * * and have agreed between themselves as to a just and amicable settlement of all their property rights and that there are no property rights * * * to be decreed to either party in this suit."

The parties, by their property settlement agreement, divided equally the livestock and made disposition of certain other community interests. They then disposed of their 80 acre farm in Bonneville County, respondent to receive the south 30 acres and the improvements which included the family home, outside buildings, corrals and a deep well equipped with a pressure system, and appellant to receive the north 50 acres, unimproved except for fences and ditches. The day following the granting of the divorce appellant conveyed to respondent the south 30 acres of the farm, and in due time respondent conveyed the north 50 acres to appellant. Each party took possession of his or her property agreed upon in the property settlement. Appellant then leased his portion of the farm to his son and temporarily left the premises.

The property settlement agreement contains the following provision:

" * * * the defendant shall have the right to move a small house from its present location on the property herein agreed to be his and shall have the right to connect up a water line to the line now going into the main house located on the property to be decreed to the plaintiff."

The small house referred to was situate upon the south 30 acres of the land retained by respondent. During 1953, about a year after the property settlement and divorce, appellant moved this house, placing it upon a lot which he owned situate in the City of Idaho Falls.

Appellant in the spring of 1958 terminated the lease of his 50 acres with his son and commenced farming the land himself. During the fall of that year, after irrigation water had been turned out of the canals, appellant connected onto respondent's well by extending a pipe line in a trench which he caused to be dug, about four or five feet in depth, a distance of about 200 feet across respondent's land to appellant's land, basing his right so to do upon the last above quoted provision of the property settlement agreement.

Respondent thereupon commenced this action claiming trespass in and upon her land by appellant and seeking recovery of $1,000 damages; additionally respondent sought to enjoin appellant from further digging into or interfering with her land and that appellant be required to replace her premises in their original condition.

Appellant answered, denying the material allegations of the complaint.

At the conclusion of a trial without a jury, the court in its findings of fact referred to the March 15, 1952, stipulation which purported to be a full and final property settlement between the parties, and found that the divorce decree of March 19, 1952, did not incorporate therein any of the terms of the settlement agreement; also, that the divorce decree recited that there were no property rights to be settled between the parties. The court then found that the provisions of the settlement agreement, " * * * the defendant shall have the right to connect up a water line to the line now going into the main house located on the property to be decreed to the plaintiff," relied upon by appellant for recovery in his favor, to be "uncertain and ambiguous in that they recite none of the specifications, conditions or qualifications of such installation and are so vague and ambiguous as to be void."

The court then decreed with reference to this particular subject matter, as follows:

"That said defendant's entry was based upon a contract that was vague and ambiguous insofar as said contract pertained to the installation of a water line. That said contract provisions relative to installation of said water line be, and they hereby are declared void and of no force and effect."

The court then entered its judgment requiring appellant to remove the water line and to restore respondent's land to its former condition within five days of the date of entry of the decree, and awarding nominal damage of $1 to respondent against appellant together with respondent's costs.

Appellant perfected an appeal from the judgment. Respondent cross-appealed from that portion of the judgment awarding her only nominal damages.

■ Appellant assigns the following error:

"The Court erred in not taking judicial notice of his own affirmative action and approval of the contract settling the community property rights of the parties in the preceding divorce action as those rights were affected in this cause of action."

Appellant contends that when the trial court accepted the March 15, 1952, stipulation as the property settlement agreement of the parties settling their community property interests, the court found the agreement to be valid and that its validity cannot now be questioned. We cannot agree with such contention. The property settlement agreement was not nor were any of its provisions incorporated into the divorce decree. The court's finding mentions only that the parties had settled their property rights between themselves. From such a finding it does not follow that the court had approved

or disapproved the settlement agreement. Accordingly the issue as to its validity is not res judicata in the action under consideration here. Sanborn v. Sanborn, 3 Cal.App. 2d 437, 39 P.2d 830.

 Where the terms of the property settlement agreement are not incorporated into the divorce decree, the agreement must be treated as a contract independent of the decree, and the obligations imposed under the contract are not those imposed by the decree, but by contract. Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662; Roberts v. Roberts, 83 Cal.App. 345, 256 P. 826; Robertson v. Robertson, 34 Cal. App.2d 113, 93 P.2d 175; Kosloff v. Kosloff, 67 Cal.App.2d 374, 154 P.2d 431; Nelson, Divorce and Annulment, 2nd Ed., Vol. 1, Property Settlements and Agreements, § 13.48, p. 532.

 Appellant's next assignment reads:

"The Court erred in declaring that portion of the contract (Pl's Exh. 1) void that related to the installation of the water line from the well on respondent's property to the appellant's property, a distance of about 200 feet."

The referred to provision of the property settlement agreement (hereinbefore quoted) is silent as to details pertaining to the installation and use of the water line. Examination of the entire agreement fails to disclose any language to assist the court in determining the intent of the parties. What they may have intended as to when, or the limitation of time during which, the water line should be installed; the size of the pipe to be used; the purpose for which the water would be drawn; method of measuring the amount of water taken; whether the parties contemplated appellant's paying for the water and the basis of computation, whether for measured units of water drawn, or pumping power used, or otherwise, constitute examples of the omissions which cannot be ascertained from a reading of the contract. Evidence introduced by the parties left all such and similar questions unsolved and in uncertainty. This Court is not at liberty to determine such essentials for the litigants. What is to be included in a contract is not for the court to determine, for the court cannot formulate a contract for the parties. Vinsonhaler v. Notus-Parma Highway District, 81 Idaho 143, 338 P.2d 96; Stockton Dry Goods Co. v. Girsh, 36 Cal.2d 677, 227 P.2d 1, 22 A.L. R.2d 1460; 12 Am.Jur., Contracts, § 228, p. 749.

 A contract incomplete on its face is not necessarily void, since absolute certainty relative to every detail of a contract is not always required, Tingwall v. Wilson, 50 Idaho 452, 296 P. 1017; but if a contract is so vague and indefinite that the intent of the parties cannot be ascertained there-

from, it is unenforceable. People ex rel. Heartburg v. Interstate Engineering & Const. Co., 58 Idaho 457, 75 P.2d 997.

We therefore conclude that the provision of the property settlement agreement, which relates to connecting up a water line, is so vague and uncertain as to be unenforceable. The validity of no other portion of the contract is before us for determination; therefore the uncertain promise may be left unperformed and the remainder of the contract left subject to performance. Williston on Contracts, 3rd Ed., Vol. 1, § 48, pp. 157–158; Palmer v. Aeolian Co., 8 Cir., 46 F.2d 746, certiorari denied 283 U.S. 851, 51 S.Ct. 560, 75 L.Ed. 1458. See also Montanus v. Buschmeyer, 158 Ky. 53, 164 S.W. 802; Weed v. Lyons Petroleum Co., D.C.Del., 294 F. 725, affirmed 3 Cir., 300 F. 1005.

Respondent, by her only assignment on her cross-appeal, complains that the trial court erred in refusing to allow her damages (beyond nominal damage) on account of the trespass in and across her land by appellant.

Respondent testified that the value of her 30-acre farm is $15,000, and that she could have sold a one-acre lot,—part of the farm,—for $1,000, but that the sale "fell through" when appellant dug the trench for the water line. Respondent concluded therefrom that she sustained damage of $1,000. As a general rule, the owner of property may testify as to its value. Chapman v. Booth, 71 Idaho 359, 232 P.2d 668; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P.2d 494; Bancroft v. Smith, 80 Idaho 63, 323 P.2d 879.

Here, however, the alleged damage, regarding which respondent testifies, is purely speculative and unsupported by competent evidence. Respondent failed to adduce evidence as to the value of the property after the installations relating to the water line, or cost of placing the land in its original condition. The court properly concluded that respondent's proof of damage was insufficient to justify an award in excess of nominal damage. De Winer v. Nelson, 54 Idaho 560, 33 P.2d 356; O'Brien v. Best, 68 Idaho 348, 194 P.2d 608. Nominal damage need not be proved, but naturally flows from a wrongful entry, Call v. Coiner, 43 Idaho 320, 251 P. 617; Paurley v. Harris, 77 Idaho 336, 292 P.2d 765; 52 Am.Jur., Trespass, § 49, pp. 873–874. Respondent's cross-assignment is without merit.

Appellant, by his third and last assignment, complains that the trial court erroneously denied him the right to cross-examine respondent on the theory of minimizing her damage allegedly flowing from the trespass, after she had testified concerning the damage. Inasmuch as respondent failed to prove her entitlement to any

but nominal damage, that assignment is without merit.

The judgment of the district court is affirmed. Costs to respondent.

TAYLOR, C. J., and KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., did not participate.