(54 Misc. Rep. 415)

### DONOHUE v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. May, 1907.)

1. LANDLORD AND TENANT—LEASE—TERMINATION.

    Where, under a 10-year lease of land under water, a tenant conducted a bathing establishment, with the privilege of renewal at an increased rental, provided that if the board of docks of the city should proceed with the building of wharves in the city, embracing the property described in the lease, and it should be necessary to terminate the interest of the tenant in the property, the lease would be terminated on written notice, the right to terminate the lease must be exercised in good faith, and not arbitrarily.

2. INJUNCTION—PROTECTION OF TENANT—INJUNCTION PENDENTE LITE.

    Where a tenant of the city under a 10-year lease of land under water, with right to renew, who conducted a bathing establishment, expended over $20,000 in improvements, and before the expiration of the first term of the lease was served by the commissioner of docks with notice that a plan for the improvement of the water front had been approved, and there was no necessity for the contemplated improvement, and no attempt had been made to carry out the plan, in an action against the city to restrain it from interfering with the tenant's possession, an injunction pendente lite would be granted, though the lease provided for its termination if the use of the premises by the authorities was necessary.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 303–306.]

Action by Phillip F. Donohue against the city of New York and John A. Bensel, commissioner of docks. Injunction ordered.

Gans & Iselin, for plaintiff.
Wm. B. Ellison, Corp. Counsel, for defendants.

O'GORMAN, J. This action is brought to restrain the defendants from interfering with the plaintiff's possession under a lease from the city of New York under date of June 13, 1899. The demised property consists of certain land under water at the foot of West 155th street, in the city of New York, where the plaintiff conducts a bathing establishment. The lease, which was for a period of 10 years, with the

privilege of a renewal for a further period of 10 years at an increased rental, contained a provision to the effect that in case the board of docks should determine to proceed with the building of wharves in the section or district of the water front embracing the property in said lease described, according to any plan then or thereafter approved, and that it should be necessary for such purpose to terminate the interest of the tenant in the property, said lease should be terminated on written notice of a resolution of the board of docks to that effect. On April 2, 1907, the commissioner of docks served a notice upon the plaintiff whereby he advised the plaintiff that he had adopted a plan for the improvement of the water front covering the premises in question, that the plan had received the approval of the commissioners of the sinking fund on the 20th day of March, 1907, and that he had determined to proceed with the work of building docks and a ferry slip pursuant to such plans.

In substance, the city reserved the right to terminate this lease whenever it interfered with a public improvement. It is apparent that no such necessity has arisen. The proposed plan is but tentative. No attempt has been made to carry it out. It may never be executed. No improvement of the water front has been commenced in that section, either north or south of the land occupied by the plaintiff. With the greatest possible diligence on the part of the city authorities it would take many months before the necessities of any public improvement could require the removal of these bathhouses. One Hundred and Fifty-Fifth street and the Hudson river is now practically inaccessible for passenger or vehicle traffic. Although it is proposed to build a dock and a ferry slip at the foot of that street, it can be reached only through 153d street or 158th street, between which streets east of the river there is a solid stone retaining wall 60 feet high supporting the Riverside Drive extension. The plaintiff claims to have expended upward of $20,000 in improvements upon the property. Business is conducted thereon only during the summer months. Under the circumstances it would be inequitable to permit the defendants to terminate the lease at this time, and thus deprive the plaintiff of the business of the approaching summer season. A lease such as the one held by the plaintiff cannot be terminated capriciously or arbitrarily. The right reserved must be exercised in good faith and upon fair grounds. Gurshee v. City of N. Y., 42 App. Div. 37, 58 N. Y. Supp. 967. The affidavits present a meritorious case, and an injunction pendente lite should issue.

Injunction ordered.