### Gibralter Coal Mining Company v. Cothran.

(Decided January 29, 1926.)

Appeal from Muhlenberg Circuit Court.

Landlord and Tenant—Occupancy of Tenant Held Subject to Termination by Notice as Prescribed by Statute.—Where tenant moved into house owned by mining company for exclusive use of miners for indefinite period at time mine was not in operation, under promise of mine manager that tenant would be employed at some kind of work when mine started, but nothing specific was mentioned as to wages, duration of work, or other terms of employment, held, that occupancy was subject to termination by notice, as prescribed by Ky. stats., section 2326.

EAVES & SANDIDGE for appellant.

LUKE TEAGUE and W. O. SMITH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Gibralter Coal Mining Company, operates a coal mine at Brownie, Muhlenberg county, Kentucky, and in connection with its plant it owns a number of mining houses for occupancy by its employes in conducting its business. At the time of the transaction here involved, and both prior and subsequent thereto, it was not operating its mine because of a strike on the part of the miners, and the time when the strike would be settled and operations resume was unknown. The tenant house involved here was vacant about the 12th of April, 1924, and appellee and defendant below, William Cothran, applied to Mr.

Gish, the manager of the commissary store of plaintiff, to rent it, he saying at the time that he was a miner by profession and had just landed in Central City from Illinois. He stated that his household goods were in a car on the railroad track and he was very desirous of obtaining a house into which his goods as well as his family could be moved. He was informed by Gish that he had no authority to rent the house and that no one had authority to do so, except to actual employees or to one under an agreement to serve the company in the future. In other words, that the only eligible renters were either present or prospective workmen for the company, since the house was not for rent except to those classes of individuals. Defendant later consulted Mr. Hopkins, the mine manager of plaintiff, who stated, in substance, that when the mines started he would employ defendant at some kind of work, but nothing specific was mentioned, nor was there anything said about wages, duration or work or other terms of employment, nor was there any agreement on the part of defendant to accept the suggested future employment whatever it might be. Mr. Hopkins also said to him that under the circumstances the bookkeeper, who had the keys to the house, "might want his rent in advance," and defendant replied, "That would be all right," or its substance. He then went to plaintiff's bookkeeper and attempted to inform him of the conversation with Gish and Hopkins, and he thereupon delivered to defendant the keys to the house and he moved his household goods and his family into it about April 15, 1924. He paid no rent, and on July 3rd, 1924, he was notified in writing to vacate it. He did not do so, nor did he pay any rent, and on August 4, 1924, this forcible detainer proceeding was instituted against him in the Muhlenberg quarterly court. On the trial in that court his plea of not guilty was sustained and a traverse was prosecuted by plaintiff to the Muhlenberg circuit court, and upon a trial therein the special judge who tried the case, at the close of plaintiff's testimony, the substance of which we have outlined, sustained defendant's motion for a peremptory instruction for the jury to find him not guilty, which was done, followed by a judgment dismissing the proceedings. Plaintiff's motion for a new trial was overruled and it prosecuted this appeal.

The ruling of the court is attempted to be sustained upon the theory, as we understand defendant's counsel

in his brief, that defendant occupied the house under an enforceable contract, which, as we also gather from brief, was that he could occupy it until work at the mine was resumed, and so long thereafter as he served plaintiff if, perchance, it gave him employment at that time. But clearly no such obligation was created on the part of plaintiff, nor did defendant, as we have stated, obligate himself to serve plaintiff for *any* time, and his occupancy of the premises was either at will or at sufferance, and which, for the purposes of this case, it makes no difference. He went into the house only for the time being and with the consent of plaintiff's bookkeeper, which fact created only a present right of occupancy and furnished a defense to a charge of trespass, but it was not a letting for a fixed term and it was subject to be terminated by notice as prescribed in section 2326 of our present statutes. That course was pursued in this case and at the expiration of that notice plaintiff was entitled to recover possession of the premises. The court, therefore, erred in directing a verdict for defendant, for under the facts as disclosed by the record plaintiff was entitled to such an instruction.

Wherefore, the judgment is reversed, with directions to grant the new trial and for proceedings consistent herewith.