## Southeastern Land Company v. Clem.

(Decided June 2, 1931.)

418

R. F. PEAK for appellant.

FRANK J. DOUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On December 12, 1928, Edward J. Clem leased to the Southeastern Land Company a lot on West Jefferson street in the city of Louisville for a term of five years beginning January 1, 1929, and ending December 31, 1934. The agreed rental was $100 a month for the first two years, and $110 a month for the last three years. Among the provisions of the lease is the following: "As a parking lot for automobiles. The lessee agrees to surrender possession of the above described premises at any time upon six months written notice from the lessor that possession is wanted in the event that he wants to and does improve the premises or in the event that he sells his rights to the property and the purchaser wants to and does improve the premises, or wants possession for his own use, otherwise this lease is to be in full force for the specified time." The lessee took possession of the premises, and, conceiving that he had the same right

as the lessor to terminate the lease, gave the lessor written notice on November 6, 1929, that at the expiration of six months from the date of the notice it would cancel the lease and vacate the premises. On the expiration of the six months, the lessee vacated the premises and refused thereafter to pay any rent. By mutual consent of the parties the premises were sublet to another party, who paid the rent up to June 1, 1930, but no longer. Thereupon the lessor brought this suit to recover the rent for June, July, and August, 1930, subject to a credit of $50. On December 13, 1930, an additional claim of $400 for accrued rent was asserted by amended petition. A demurrer was sustained to the second paragraph of the answer, and the lessee having declined to plead further, judgment was rendered for the amount claimed. The lessee appeals.

The lease is not lacking in mutuality. It was executed, and the lessee placed in possession. The lessee was to pay and did pay a certain rent. Unless terminated on the named conditions, he was to have the use of the premises for five years, and at all events for a period of not less than six months. In the circumstances the contract was mutually binding and not invalid because it gave the lessor alone the right to terminate. Vinyard v. Republic Iron & Steel Co., 205 Ala., 269, 87 So. 552.

But the point is made that the lease is one falling within the rule that an estate terminable at the will of one of the parties is terminable at the will of the other, though it purports to be terminable at the will of one only. Tennessee Oil, Gas &. Mineral Co. v. Brown (C. C. A.), 131 F. 696, 701. It is generally held that the rule is without application to a lease for a defined and permissible term, but which reserves to one of the parties an option to terminate it before the expiration of the term. 16 R. C. L. 1113. Tiffany on Landlord and Tenant, sec. 13, page 104. The latter rule is peculiarly applicable to the case at bar. Where a lease is terminable only on certain conditions, the lessor cannot terminate the lease, except in pursuance of a bona fide intent to carry out the purpose referred to. Gough v. Worcester, etc., Canal Co., 6 Ves. Jr. (Eng.) 354; Hodgkins v. Price, 137 Mass. 13; Donohue v. New York, 54 Misc. Rep. 415, 105 N. Y. S. 1069. The conditions on which the lessee in the lease in question agrees to surrender possession of the premises at any time upon six months' written notice from the lessor are: (1) In the event that he wants to

and does improve the premises; (2) in the event that he sells his rights to the property and the purchaser wants to and does improve the premises; (3) or wants possession for his own use. It is not claimed that either the first or second condition gives the lessor the right to terminate at will. The sole basis for the contention that the lease is terminable at will is the use of the words "or wants possession for his own use." It is not clear whether these words refer to the purchaser or to the lessor. If they refer to the former, there must be a sale before the right may be exercised. If they refer to the latter, they do not confer the arbitrary right to terminate. In either event the word "wants" is not satisfied by a mere whim or caprice. It means "to feel the need of;" "to desire." Webster's New International Dictionary. That being true, neither the purchaser nor the lessor could terminate the lease after the required notice unless he felt the need of, or had a real desire, accompanied by a bona fide intent, to make use of the lot in some appropriate and substantial way. He could not terminate the lease and let the lot lie idle. In view of this situation, we do not have a mere tenancy at will, but a lease for five years, good at all events for six months, and terminable only on the happening of certain conditions not available at all to the lessee, and only available to the purchaser or lessor when acting in good faith. It follows that the judgment of the chancellor was correct.

Judgment affirmed.