## Rutherford v. Azarch.

(Decided Dec. 11, 1936.)

J. ERWIN SANDERS and J. A. RUNYON for appellant.
PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

The appeal is from a judgment based on a directed verdict finding appellant guilty of forcible detainer.

It is insisted that appellant and not appellee was entitled to a peremptory instruction.

The facts are: Appellee, Louis Azarch, owns a house and lot in Pike county at the end of the bridge

560

spanning Tug river. On February 18, 1932, Azarch entered into a written contract whereby he leased the premises at a rental of $25 a month to Fred and Harold Varney for a period of 12 months from March 1, 1932, with the privilege of renewing the lease at the expiration of the term for an additional period of 12 months on the same terms and conditions. For some time thereafter the Varneys and appellant occupied the premises together until they sold out their business to appellant. Rent was paid by the Varneys, and thereafter by appellant at the rate of $10 a month. In March, 1934, appellee declined to accept any further rent from appellant, and on November 19, 1934, gave him a written notice to quit the premises. According to appellee he never rented the property to appellant, but did accept rent from him. According to appellant he rented the premises in November, 1932, from appellee by verbal contract, and was to pay and did pay $10 a month. He bought out the Varney boys on November 14, 1932. He did not buy out their contract, as they had none at that time. He rented directly from Mr. Azarch and Azarch accepted the rent.

The argument on behalf of appellant is that appellee is bound by the contract which he offered in evidence; that the acceptance of rent after the first year was a renewal of the lease by action of the parties; that appellant having been allowed to retain possession of the premises for 90 days after the expiration of the term on March 1, 1934, was entitled under section 2295, Kentucky Statutes, to retain possession for the balance of the year, and therefore the notice served on November 19, 1934, was insufficient. There is no merit in the contention that appellee is bound by the lease which he offered in evidence. He did not introduce the lease as the contract between him and appellant, but introduced it as the contract he had made with the Varneys. The lease was never transferred or assigned to appellant. Appellee says that he never rented the premises at all to appellant, but did accept rent from him. On the other hand, appellant says that he did not buy out the Varneys' contract, as they had none at the time, but leased the premises directly from appellee, and for no definite period. In the circumstances he did not acquire any rights under the lease, and therefore was not entitled after remaining on the premises for a period of

90 days from March 1, 1934, to hold the premises for the remainder of the year. On the contrary, the renting being for an indefinite period, appellant at most was a mere tenant at will, and a 30 days' notice in writing to quit was sufficient under the statute. Section 2326, Kentucky Statutes; Gibralter Coal Mining Co. v. Cothran, 212 Ky. 644, 279 S. W. 1068; 35 C. J. 1123.

Judgment affirmed.