## Morgan v. Morgan.

March 4, 1949.

Dennis B. Wooton and John E. Campbell for appellant.

Don Ward for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This suit was instituted by appellee, plaintiff below, wherein he sought to set aside and void a contract of lease between him and appellant. From judgment in favor of plaintiff this appeal is prosecuted.

In his original petition appellee alleges breach of the lease contract, and by amended petition alleges that since the lease contract does not set out any definite period, the agreement creates nothing more than a tenancy at will.

After hearing evidence, the court below in substance adjudged that the lease agreement was a contract for rental by the month and could be terminated at will, and that since, under the provisions of the contract, it appears the parties intended a 60 days' notice to terminate same, the defendant below should have at least 60 days to vacate the premises.

The parties to this litigation are brothers. The lease contract, which apparently was drawn without the aid of counsel, reads:

"Agreement

"On this the 25th day of September, 1945 Oliver Morgan of Hazard, Ky., party of the first part and Fred Morgan of the second part do agree as follows:

"Whereas Oliver Morgan is the sole owner of a building and lot and merchandise located on North Main street in the city of Hazard and whereas Fred Morgan of Hazard desires to purchase the existing stock of merchandise at cost and rent Oliver Morgan's store building for the sum of one hundred dollars per month said amount to be paid in advance on the first day of each month.

"Fred Morgan agrees to sell only general merchandise while occupying the building and is not to do any altering or any work on the building without Oliver Morgan's consent. Fred Morgan is not to subrent the building at any time. Oliver Morgan is to give Fred Morgan sixty days notice before he, Oliver Morgan, should conclude a deal whereby a sale of the property should be made by Oliver Morgan or his agent or attorney. Fred Morgan is to look after and repair roof and keep it in good condition. Oliver Morgan retains

the privilege of inspecting and putting any additions to building at any time he sees fit. In no way is Oliver Morgan to be held liable for any damage to merchandise in any form. All moneys owing to Oliver Morgan in connection with the business will be collected and kept by Oliver Morgan. Oliver Morgan is to pay all outstanding bills and invoices. All invoices and bills that are mentioned above that are now due. The business is to be run in the present name of Hazard Mercantile Co.

"Oliver Morgan agrees to buy back the existing stocks at cost if he should decide to sell the property or re-enter business at some future time. All contracts now held by Oliver Morgan and the Hazard Mercantile Co. shall be used by Fred Morgan at no expense to Oliver Morgan or as no liability to Oliver Morgan's property. These contracts shall be held intact and carried out diligently by Fred Morgan and not transferred by him except to Oliver Morgan as received in the beginning. Contracts just mentioned above pertain to contracts covering washing machines, sweepers, air conditioning and commercial refrigeration in connection with Emmons-Hawkins Hdw. Co. & the Blackstone Corp.

"Oliver Morgan
"Fred Morgan."

Considerable has been written in the briefs about alleged breach of the provisions of the contract above, but due to our final conclusion herein, we deem it entirely unnecessary to discuss that phase of the case.

It will be noted that there is no date of expiration of the contract or no definite period of time that the lease shall run. Appellee takes the position that since the lease shows on its face it has no expiration date and covers no particular length of time, it is nothing more than a tenancy at will. Appellant, not agreeing at all with this position, insists that it may be terminated only in case appellee decides to sell the property or re-enter business at some future time, in which event he agrees to buy back the existing stock at cost.

To adopt appellant's view would mean that appellee must do one of two things in order to terminate the lease, namely, sell the building, or decide to re-enter business, and as long as he fulfilled and complied with the terms of

the lease contract he could go on in the business indefinitely unless appellee either sold the property or reentered business.

Possession of property and occupancy under an agreement for an indefinite term ordinarily creates a tenancy at will. In Rutherford v. Azarch, 266 Ky. 559, 99 S.W.2d 719, 720, the court said:

"On the contrary, the renting being for an indefinite period, appellant at most was a mere tenant at will, and a 30 days' notice in writing to quit was sufficient under the statute."

One of the chief characteristics of a tenancy at will is uncertainty respecting the term, and such a tenancy may arise by implication as well as out of an express contract. The broad rule seems to be that a lease which is at the will of one of the parties is equally at the will of the other, and that one of them is no more or further bound than the other. 32 Am.Jur., Landlord and Tenant, Section 66.

On the face of the lease it shows, and it is admitted by appellant, that appellee can terminate the lease at his will upon sale of the property or upon his desire to reenter business by giving 60 days' notice. To that extent at least the lease is a tenancy at will. Suppose that the lessee wanted to terminate the lease and lessor desired to hold him. Could it be said, under the provisions of this lease, that appellee could hold appellant for an indefinite period as his tenant? The answer is so obvious that it needs no comment. It is clearly evident that appellant did not obligate himself to stay in the property for any definite length of time.

The general rule seems to be that a contract must be mutual and one party cannot be bound without the other, and that it must be binding on both or else it is binding on neither. See Montanus et al. v. Buschmeyer et al., 158 Ky. 53, 164 S.W. 802 and Cleveland Wrecking Co. v. Aetna Oil Co., 287 Ky. 542, 154 S.W.2d 31, 137 A.L.R. 352.

We, therefore, conclude that the lease is a tenancy at will and since the lease itself provides for termination upon 60 days' notice in the event the lessor sells or

decides to re-enter business, clearly the court below was correct in adjudging that it was the intention of the parties, as gathered from the lease, that it could be terminated upon 60 days' notice. The court below properly adjudicated the matter.

Wherefore the judgment is affirmed.