# Ford v. McGregor.

November 21, 1950.

Chester D. Adams, Judge.

Taylor N. House and David S. Weil for appellant.

Taylor G. Smith for appellee.

JUDGE KNIGHT—Affirming.

On July 26, 1947, appellant submitted to appellee a written option contract and on that day it was accepted by appellee and signed by both parties. The terms of the contract, insofar as they are pertinent to this litigation, are as follows: Appellee agrees to give an option to appellant for two weeks for the sum of $30,500 on a tract of land in Fayette County containing about 5½ acres as described in the contract. As evidence of good faith

and to bind the contract, appellant deposited with appellee at the time of execution his check for $650 to be applied on the purchase price on the passing of the deed or to be refunded if this option is not accepted in two weeks. If this option is exercised, $5850 will be paid on passing of the deed and the balance of $24,000 will be paid in two, four and six years with interest of 4% annually. If the option is exercised by the proposed purchaser a deed will be executed by August 20, 1947; possession to be given on delivery of the deed. The seller, appellee, agrees to pay to Luther S. Ford Realtor, appellant, out of the deposit the regular rate of commission prescribed by the Lexington Real Estate Board.

On August 30, 1947, appellant brought this suit against appellee and, after setting up the substance of the contract, a copy of which was filed with the petition, alleged in substance that on July 30, 1947, and two subsequent dates, all within the time provided for the exercise of the option, he notified appellee by registered mail that he elected to exercise the option and purchase the property according to its terms and that he would be ready to close the transaction on or before August 20, 1947, the date specified in the contract but which appellee failed or refused to do, thus breaching the contract, as appellant claims. He prays for specific performance of the contract and that appellee be required to execute a deed conveying him the property in accordance with the terms of the contract.

In his answer appellee denied the affirmative allegations of the petition and set up as a further defense in substance that the option contract referred to was without consideration; that it is unilateral, lacks mutuality of obligation and is grossly inequitable; that after July 26, and prior to July (sic) 20, 1947, he notified appellant that the alleged agreement and option was terminated and was no longer in force insofar as appellee was concerned. He prayed that the option contract be canceled and held for naught and that the petition be dismissed.

The case was referred to the Master Commissioner and, after taking proof and upon submission, the Commissioner filed a brief report which, after setting out in full the option contract, said:

"An inspection of the writing discloses that it was

left to the plaintiff to choose whether he would proceed or abandon it. If he abandoned it the deposit of $650.00 was to be refunded to him. The writing does not even recite that the fiction of one dollar cash in hand was paid for the option. A contract which is not mutually obligatory on the parties is void and cannot be specifically enforced. Litz v. Goosling, 93 Ky. 185, 19 S. W. 527, 12 L. R. A. 127; McKnight v. Broadway Inv. Co., 147 Ky. 535, 145 S. W. 377. A unilateral executory contract is in law a nudum pactum and is unenforceable. Where it is left to one of the parties to an agreement to choose whether he will proceed or abandon it, neither can specifically enforce its execution in equity. Burry v. Frisbie, 120 Ky. 337, 86 S. W. 558. For want of equity in the plaintiff's case, the Commissioner concludes as a matter of law that the petition of the plaintiff should be dismissed and that the defendant is entitled to recover from the plaintiff his costs herein expended.''

This report of the Master Commissioner was confirmed by the Court and a judgment was entered in accordance therewith. Appellant prosecutes this appeal from that judgment.

Five grounds for reversal are relied on by appellant but three of them are without sufficient merit to justify consideration. Two of the grounds relied on are the crucial points in this case and, if the judgment is reversed, it must be on these contentions of appellant, (1) that the contract was a valid option and was supported by a good and valuable consideration, (2) that the option was not withdrawn by appellee until after it had been exercised and acted on by appellant.

We think it is clear that there was no monetary consideration to support the option contract here involved. There was no money paid *for the option itself.* The $650 check was simply an advance payment on the purchase price if the deal went through but, if not, to be refunded. If there was a consideration, it must be found in the mutual promises arising out of the acceptance of the option before it was withdrawn. These mutual promises constitute a valuable consideration. As was said in the case of Klatch v. Simpson, 237 Ky. 84, 34 S. W. 2d. 951, 953: ''The law * * * is well settled in this and in other jurisdictions to the effect that the offer, though without consideration, if accepted within the

time limit and before withdrawal by the contemplated vendor, becomes obligatory upon all parties to the option after such acceptance, and it is thereafter supported by the consideration of mutual promises; i. e., the promise of the vendor to convey according to the terms of the option, and the promise of the vendee, issuing out of his acceptance, to accept the conveyance and otherwise comply with the terms of the option.'' (Citing cases.)

In the more recent case of Combs v. Turner, 304 Ky. 179, 200 S. W. 2d 288, 289, it was said: ''It is well settled that an option is not binding as a contract where there is no consideration, unless it is accepted within the time limit and before the offer is withdrawn.''

It is, therefore, necessary to consider the evidence to determine whether the option, which was given to appellant by appellee without any money consideration, was withdrawn by appellee before it was accepted and acted on by appellant and by that acceptance making a binding agreement supported by the mutual promises of each.

It is shown by the evidence, in which there is little or no conflict on this point, that on Monday, July 28, following the execution of the option on the previous Saturday, July 26, appellee went to the office of appellant and attempted to withdraw the option and informed him that he would not go through with it. He offered appellant $500 for the contract, which was refused, and offered to return the $650 check to appellant, which was likewise refused, whereupon appellee obliterated the check. In his testimony he gave as his reason for withdrawing the option that he was not satisfied with the 4% interest which the deferred payments were to bear; that he felt he had been ''high-pressured'' into signing the option and felt as if he had a legal right to withdraw. That appellee did visit appellant's office on Monday, July 28, and that he said he was not going to sell the property and offered $500 for the contract and offered to return the check was admitted by appellant in his testimony and by his only other witness, Mr. Kinnaird.

It is shown by the evidence that on July 30, 1947, two days after appellee had notified appellant that he would not go through with the contract and attempted

to return the check, appellant by registered letter notified appellee that he elected to exercise his option and would be ready to close the transaction on August 20, as called for in the written option; that again on August 18 by registered mail appellant notified appellee that he would meet him in the office of the latter's attorney with a certified check for $5850, the balance due on the first payment; that on August 19 appellant's attorney by registered mail tendered this certified check to appellee with a demand that he comply with the option contract and convey the property to appellant in accordance with its terms. All these notices were ignored by appellee and on August 22, through his attorney, he returned both the $650 check and the $5850 check to appellant's attorney saying that upon his attorney's advice he declined to take any further steps in the matter at this time. It is true, as appellant points out, that in this letter appellee's attorney says that appellee had on August 11, 1947, advised him to prepare a deed to the property but that he did not carry out his instruction. While this is some indication that appellee had not withdrawn the option, we do not think it outweighs the direct testimony of all the witnesses that on the second day after the option was written, and two days before appellant exercised the option, appellee had withdrawn the option by giving notice that he would not go through with it, had offered to return the $650 check and had obliterated the check when it was refused. Since there was no consideration to support the option contract and since it was withdrawn before it was exercised, under the authorities cited above, we think the lower court did not err in dismissing appellant's petition.

Wherefore the judgment is affirmed.