# Stephens et al. v. Horn.

December 8, 1950.

Rehearing denied March 23, 1951.

Edward P. Hill, Judge.

Joe Hobson for appellants.

Combs & Combs for appellee.

JUDGE REES—Affirming.

This is an appeal from a judgment for $900 in an action for breach of contract.

On October 13, 1947, the appellants, D. C. Stephens and Dora Stephens, entered into a contract with the appellee, Donald Horn, whereby Horn agreed to construct a coal loading chute for appellants. The contract was reduced to writing and was signed by appellants but not by appellee. However, it is conceded that the writing sets forth the terms of the contract correctly. Appellee agreed to construct a coal chute on appellants' lease in Knott County at a point to be selected by them, and they were to furnish all materials in the construction of the chute. Appellee was to furnish all the labor required, and appellants agreed to pay him the sum of $60 for each and every 1,000 board feet of lumber used in constructing the chute. The concluding paragraph of the contract reads: "Parties of the first part further agree to advance to party of the second part the sum of $200.00 per week for the purpose of paying the employees of second party engaged in doing such work, for which sum the parties of the first part shall be entitled to credit on the final settlement to be made by them and party of the second part for said work, but no further advances of any kind shall be made by parties of the first part, and in no event shall parties be required to pay to party of second part any sum in excess of the amount due him under this contract for the amount of lumber which he places in said coal chute."

A plan of the proposed structure was prepared for appellants by J. A. Hager, a civil engineer, and it was given to appellee for his guidance during the construction work. Appellee, with six or seven men employed by him, began work on the construction of the coal chute, and each week for three weeks appellant D. C. Stephens gave him $200, advance pay provided for in the contract, for the purpose of meeting his pay roll. Stephens refused to make the fourth weekly payment, claiming that appellee did not have enough lumber in the chute to justify the payments that had theretofore been made.

According to appellee, Stephens appeared at his home on the following day, Sunday, and informed him that no more advancements would be made and that another man had been employed to finish the job. Donald Horn was 19 years of age, and on November 12, 1947, he brought an action by John Horn, as his next friend, against appellants to recover $1,740 for the alleged breach of the contract. On the trial of the case the jury returned a verdict for the plaintiff in the sum of $900. On this appeal it is argued that the contract was terminable at will since it failed to fix any definite time within which the work was to be done, the court erred in admitting and rejecting evidence, the instructions are erroneous, and the verdict is excessive.

Appellants cite and rely upon Duff v. P. T. Allen Lumber Co., 310 Ky. 439, 220 S.W.2d 981, in support of their contention that the contract was terminable at will since no definite time was fixed for completion of the work. In the Duff case two laborers were employed to cut trees above 12 inches in diameter on a 952-acre tract of land, and they were to receive for their labor the sum of $20 per 1,000 feet of timber cut. It was held that the contract did not contemplate that the laborers employed should cut all the timber on the 952-acre tract; that it was merely a contract for services, and, since it specified no time for its performance but was indefinite in that respect, either party had the right to abandon it at any time. Ordinarily this is the rule in regard to contracts for personal services and contracts of tenancy. Western Union Telegraph Company v. Ramsey, 261 Ky. 657, 88 S.W.2d 675, 103 A.L.R. 541; Louisville & N. R. R. Co. v. Bryant, 263 Ky. 578, 92 S.W.2d 749; Morgan v. Morgan, 309 Ky. 581, 218 S.W.2d 410. Here, the contract was for a definite amount of work, the construction of a coal chute according to certain plans. Where there is no provision in such a contract as to the time for performance, the general rule is that the contract must be performed within a reasonable time. Martin Oil & Gas Co. v. Fyffe, 251 Ky. 517, 65 S.W.2d 686; Carhart Holding Company v. Mitchell, 261 Ky. 297, 87 S.W.2d 360.

The alleged error in the admission of evidence of which complaint is made was the admission of the plans prepared by a civil engineer. The plans are referred

to in the evidence as a "white print map," and appellee testified that the map was made by J. A. Hager at the direction of D. C. Stephens, and that the chute was to be constructed according to it. This is not denied. It is argued that the map should have been introduced and identified by the engineer who made it. The correctness of the map was not in issue. It was introduced to show the nature and extent of the structure to be erected and the amount of work that had been done, and its admission was proper.

Complaint is made of the statement of appellee that he needed the $200 to pay his workmen, but the contract obligated appellants to make the advancement for that purpose and appellee's testimony was material and relevant. In his original petition appellee alleged that at the time of the breach he had used 1,400 board feet of lumber which entitled him, under the contract to $840 for his services. In an amended petition he withdrew this allegation. His proof showed that he had used more than 14,000 feet of lumber when the alleged breach occurred. Appellants offered to read the allegation in the original petition, and the court sustained an objection and properly so since the amount stated in the pleading was papably a stenographic error. Furthermore, the allegation had been withdrawn.

Complaint is made of the admission or rejection of other evidence, but we have pointed out the most meritorious objections.

Appellants finally contend that the verdict is excessive, and that the excessive verdict was probably induced by the court's failure to direct the jury in Instruction No. 2 to credit any finding with the sum of $600 advanced by appellants. The suit was for lost profits only. Appellee's proof showed that the heavy and expensive portion of the work had been completed when the contract was canceled. At that time he had expended $1,170 for labor and had received advancements amounting to $600. The remaining part of the work would have proceeded rapidly and profitably. More than 47,000 feet of lumber in all would have been used in the construction of the chute, which would have entitled appellee to more than $2,800 for his services, and since his total labor costs, according to him, would have amounted to between $1,800 and $1,900, his profit

would have exceeded $900. According to appellee's proof he had paid out for labor $570 more than he had received. Accordingly, his profit, after the verdict is considered, will amount to $330. In view of the evidence, the verdict is not excessive.

Judgment is affirmed.