**MILLER et al. v. TUTT et al.**

Court of Appeals of Kentucky.

Feb. 5, 1954.

Duff Arnett, Hazard, for appellants.

Napier & Napier, Hazard, for appellees.

CLAY, Commissioner.

This is a suit in ejectment brought by appellees to oust appellants from the Hurst Hotel building in Hazard. The special judge who tried the case in the lower court entered a judgment requiring appellants to surrender possession of the premises. A motion to dismiss the appeal has been made, but we have considered it on the merits.

In 1944 appellees leased the Hurst Hotel to one James Anderson for a period of 10 years. The lease provided the lessee should not sublet the premises without the written consent of the lessors. Violating this covenant, in 1946 the lessee sublet a part of the premises to Irene Miller, one of the appellants. The term of this sublease was to expire August 31, 1951. Although appellees argue the question at length, we will assume that this sublease, *as between the original tenant and the sublessee,* was extended for the full term of the original lease, which was to expire in 1954.

For the past several years appellees have attempted to regain possession of their hotel. In 1951 they bought back the original Anderson lease and soon thereafter filed this suit.

There is no question that appellees knew of the occupancy of a part of the premises for several years under the sublease given Irene Miller. There is no evidence, however, that appellees knew of the *terms* of the sublease or had any knowledge of the purported extension thereof until shortly before this suit was filed. On one occasion appellees accepted $40 rent paid on behalf of the sublessee (apparently after the purchase of the original lease), but this rent was accepted on condition that appellants vacate the premises. Thereafter appellees refused to accept rent.

It is the contention of appellants that appellees were bound by the sublease, including the extension thereof, and that appellees, upon the surrender of the original lease to them, stood in no better position than the original lessee. Whether or not this is true, appellants insist that appellees are estopped or have waived their right to object to appellants' occupancy.

The trial court found that while there was a waiver of the prohibition against subletting without written consent insofar as the original sublease was concerned, the purported extension was not binding upon appellees because it was in the nature of a subterfuge to continue appellants in possession after the original leasehold rights of Anderson were extinguished.

Appellants rely upon the case of Citizens Fidelity Bank & Trust Co. v. Norfleet, Ky. 1952, 252 S.W.2d 54. In that case it was held that the lessor had waived the ground of forfeiture for subleasing the premises by acceptance of rentals from the sublessee for nearly two years with knowledge of the sublease. That case is not controlling here because (1) the only acceptance of rental by appellees was a conditional one and (2) appellees had no knowledge of the terms of the sublease as extended.

This case presents some unusual questions, but we believe an analysis of the fundamental rights of the parties shows clearly that the trial court entered a proper judgment. The fallacy of appellants' position becomes apparent when we observe that essentially their claim is that the waiver of a covenant in the lease between appellees and Anderson created a relationship of landlord and tenant for a term of years

between appellees and a third party, the principal appellant.

 We may admit that since appellees knew appellants were occupying a part of the premises as sublessees of Anderson they thereby waived their right to forfeit Anderson's lease because of the breach of the covenant not to sublet without written consent. Apparently it was for this reason appellees found it necessary to buy back the leasehold rights of Anderson in order to extinguish that lease. We may even go so far as to say that appellees could not oust appellants from the premises without giving them notice to vacate assuming that, after the cancellation of the original lease, knowledge of appellees' occupancy created a tenancy by sufferance or at will.

It is clear, however, that whatever right appellants had to occupy the premises for a *term of years* arose solely out of the sublease with Anderson. The terms of this sublease, and particularly the extension thereof, were unknown to appellees and, therefore, the latter have at no time recognized or agreed to those terms. There is no privity of contract or estate between the original lessor and a sublessee. 32 Am.Jur., Landlord and Tenant, Sections 422, 423. See Rutherford v. Azarch, 266 Ky. 559, 99 S.W.2d 719.

Appellants contend appellees could stand in no better position than the original lessee, Anderson, with respect to this sublease. This perhaps would be true if appellees were third parties who had taken an assignment of the original lease. We must recognize, however, that they have always been the owners of the property and the rights they are asserting are as owners, not as assignees of the Anderson lease. While appellees may have waived certain rights they had against Anderson, such waiver cannot be so extended as to create a contractual relationship with appellants upon terms of which they were unaware. Although ordinarily the surrender of the lease by a lessee to his lessor will not operate to defeat the estate of a sublessee which he has rightfully acquired under the terms of the original lease, the situation is entirely different where the sublessee's only rights are acquired in violation of such lease and without the landlord's consent to the terms of the sublease.

The judgment is affirmed.