**DAVID ROTH'S SONS, INC., Appellant,**

v.

**WRIGHT AND TAYLOR, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1961.

John S. Greenebaum, Louisville (Greenebaum, Barnett, Wood & Doll, Louisville), for appellant.

Allen P. Dodd, Louisville (Dodd & Dodd, Louisville), for appellee.

CLAY, Commissioner.

By this suit appellant, a lessee, sought a declaration that a certain lease was terminable at will for want of "mutuality." The Chancellor ruled otherwise.

The appellee lessor owns the Marion E. Taylor Building in Louisville and in 1955 leased two ground floor store rooms to the lessee. The written lease (containing 32 separate provisions) was for a fixed term of 10 years.

The lessee occupied the premises for over three and a half years. Apparently wishing to terminate its tenancy, the lessee sought a legal ground for doing so. It had no such right under the terms of the lease. However, the lessor had an option to terminate on certain conditions. The lessee has taken the position that since the lessor had the right to cancel the lease in any year, the contract lacks mutuality of obligation and is therefore terminable at the will of either party.

■ The doctrine of mutuality of obligation (as distinguished from mutuality of assent of remedy) is closely related to the theory of consideration in the law of contracts. Where an agreement is founded solely upon reciprocal promises, unless each party has assumed some legal obligation to the other the contract is wanting in consideration and is lacking in mutuality. See Williston on Contracts, (3rd Ed.) Vol. 1, Section 105 A (page 420).

The avoidance of an agreement on the ground of lack of mutuality is most frequently encountered in cases involving contracts for the sale of commodities or the performance of services. See 17 C.J.S. Contracts § 100, p. 452. The lessee relies on a case of that character. Rehm-Zeiher Co. v. F. G. Walker Co., 156 Ky. 6, 160 S.W. 777, 49 L.R.A.,N.S., 694. It was there decided that if the purchaser is not bound to

buy anything under a sales contract the manufacturer is not bound by his promise to sell. In that case one of the parties had an absolute and unrestricted right to determine at will his own obligations under the agreement.

The lessor in the present case has no such right under the lease. Upon its execution the lessor was bound to performance according to its terms. It is true the lessor was granted an option to terminate the obligations of both parties under certain conditions. Paragraph 11 of the lease provides:

"It is mutually agreed that the Lessor and his assigns shall have the right to terminate the term hereby demised absolutely on the 30th day of April in any year if the Lessor shall desire to remove or demolish the said building, or shall sell the said building or the land thereunder, or to make a ground lease of said land, provided that the Lessor shall first give to the Lessee on or before February first in the year in which said lease is to be terminated, a written notice of the Lessor's intention to terminate said lease for any of the reasons above specified, the rate of rent herein stipulated being the consideration for this agreement."

The lessor is thus granted an option to terminate the lease during the 10 year term, on a specified day of any year, upon one of three specified conditions after giving 90 days' notice. The contention is made that since the lessor has control of the conditions, it has the exclusive right to determine the duration of the contract. Conceding this to be true, why should it nullify the lessee's obligations under the lease?

■ There is no requirement of the law that for each right created by a contract in one party the other party must have a reciprocal right of the same nature. Bank of Louisville v. Baumiester, 87 Ky. 6, 7 S.W. 170. It is observed in Williston on Contracts, (3rd Ed.) Section 105A (page 424):

"Confusion has resulted most frequently where one party is given an option, not accorded to the other, of discontinuing or extending performance or of cancelling or renewing the contract or of determining the extent of performance. If the option goes so far as to render illusory the promise of the party given the option, there is indeed no sufficient consideration, and therefore no contract, but the mere fact that the option prevents the mutual promises from being coextensive does not prevent both promises from being binding according to their respective terms."

■ In considering this rather elusive concept of mutuality of obligation, neither the lack of similarity in the respective rights of the parties nor the conditions which give one party an exclusive right to terminate are controlling factors. The crucial question is whether the nature of the unilateral option is such that the party to whom it is granted has in actuality no fixed obligations under the contract. If so, his promise to perform is illusory in the sense that he has made no legally enforceable commitment, and justice demands the other party should not be bound. However, the right of a party to terminate the contract (as to both parties) after required part performance is a far cry from the right to disclaim all obligations thereunder at any time after its inception.

The defense of lack of mutuality as an excuse for non-performance is rooted in the idea of unfairness when one party has bound himself under a contract and the other party has not. If the contract does not incorporate this element of imbalance, the mutuality problem disappears. It is observed in Corbin on Contracts, Vol. 1, Section 161, page 533:

"In some cases, the court seems to have thought that the reservation of a power to cancel in one party is substantially the same as if he had made an illusory promise. In most cases, however, it is far otherwise; and in every case there is some difference. The power to cancel that is reserved is invariably a power to cancel the whole contract, including both promises alike. Where one promise is illusory and the other is not, it looks as if the one promised performance must be rendered whether the other is or not. This is not so in the case of a power to cancel. If the power is exercised, both parties are freed from their promissory duties; if it is not exercised, neither one is freed. It does not appear to involve an attempt to get something for nothing; and there is no such result whether the power is exercised or not.

"This being so, the contract should not be regarded as unfair for its supposed lack of "mutuality."

■ Under the lease before us the lessor was committed absolutely by its agreements at the inception of the contract and was bound by its terms at least until April 30 of the year following its execution. Those fixed obligations furnish adequate consideration to the lessee for the lessor's retention of a unilateral right to terminate the lease. In addition there was a requirement of notice of cancellation a stated period before the termination date. This in itself was sufficient to bind the parties to their mutual promises for that period, and a contract containing such a provision "should never be held to be rendered invalid thereby for lack of 'mutuality' or for lack of consideration." Corbin on Contracts, Vol. 1, Section 164, page 544. (There was also additional consideration in the form of an apparent concession in the rate of rent.)

■■ The question of lack of mutuality of obligation is determined by analysis of the contract in its entirety. Montanus v. Buschmeyer, 158 Ky. 53, 164 S.W. 802. If both parties are bound by mutual obligations for even a short period of time, the contract cannot be avoided by either party on this ground.

The lessee relies on Louisville Tobacco Warehouse Company v. Zeigler, 196 Ky. 414, 244 S.W. 899, and Morgan v. Morgan, 309 Ky. 581, 218 S.W.2d 410. While the doctrine of mutuality was discussed in both of these cases, the problem here involved was not presented. In neither of those cases, unlike the situation here, was a party attempting to avoid an obligation fixed by the terms of the contract. The party denying liability simply had not promised to perform (in the first case to permit its agent to purchase tobacco; in the second case to allow a lessee to rent premises for any specified time).

In Cleveland Wrecking Co. v. Aetna Oil Co., 287 Ky. 542, 154 S.W.2d 31, 137 A.L.R. 352, the problem of mutuality as it pertains to an option to cancel a lease was discussed at length. In the annotation of this case (137 A.L.R. 362) there are appended innumerable cases from other jurisdictions holding that an exclusive or unilateral option to cancel does not furnish a ground upon which the other party may avoid his obligations under a lease.

One of our latest cases on this question is Southeastern Land Company v. Clem, 239 Ky. 417, 419, 39 S.W.2d 674, which involved a lessor's option to terminate a lease upon three conditions very similar to those involved in the present case. It was held that this unilateral option of the lessor did not void the lease for lack of mutuality or give the lessee a right to terminate at will. It may be noted that paragraph 11 of the lease before us (above quoted) expressly stipulates that the rate of rent is the consideration for this specific right reserved to the lessor. Even in the absence of such recital, the fact that the lessor has definite and fixed obligations under the lease (even though continuing performance is subject to termination upon certain conditions) furnishes consideration for the option and takes the lease out of that class of cases where one of the parties may elect not to perform at all.

The right reserved to the lessor under paragraph 11 to terminate the lease as therein provided did not convert its obligations under the lease into illusory promises. There being sufficient consideration for this option, the possibility of its exercise does not give the lessee a right to terminate the lease contrary to its terms. The Chancellor correctly adjudicated this issue.

The judgment is affirmed.