William A. BUCKAWAY, Sr. and Lilyan T. Gambino, t/d/b/a J-Town Beauty Shoppe, Appellants,

v.

J–TOWN CENTER, INC. and Lonnie Campbell, t/d/b/a Campbell's Academy of Beauty, Inc., Appellees.

Court of Appeals of Kentucky.

Jan. 21, 1972.

William A. Buckaway, Jr., Woolsey M. Caye, Tilford, Dobbins, Caye & Alexander, Louisville, for appellants.

Francis E. Bauman, Edmund P. Karem, Karem & Karem, Louisville, for appellees.

LAWRENCE D. WICHMANN, Special Commissioner.

This is an appeal from a judment finding for the defendants and against the plaintiffs. The complaint alleged that the defendants were liable to the plaintiffs for breach of a restrictive covenant in a lease and prayed for an injunction and damages. The plaintiffs were owners and operators of a beauty shop in a shopping center owned by the defendant J–Town Center, Inc. The other defendants were the operators of a beauty school which also leased space in the shopping center. The original lease agreement between plaintiffs and J–Town contained a covenant whereby the lessor agreed "not to lease any other property within the shopping center for a beauty shop during the term of the lease."

The lease was executed on October 11, 1961, for a term of five years with an optional extension for an additional five years. Plaintiff Buckaway sold the shop to Dorothy and Robert Louden upon the expiration of the original term, and a "Lease Extension Agreement" was signed by the Loudens and J–Town on October 5, 1966. This agreement was also signed by Buckaway under a legend which read as follows: "W. A. Buckaway guarantees this lease for one year only, to November 1, 1967."

The beauty shop failed to prosper and the Loudens moved out. A "Lease cancellation Agreement" was executed between the Loudens and J–Town on January 15, 1968. This instrument was not signed by Buckaway. On January 18, 1968, an agreement was signed by J–Town and Buckaway whereby Buckaway agreed to "assume rental obligation and stipulations of existing lease on J–Town Beauty Shop, located in J–Town Shopping Center, effective January 15, 1968, and continue until such time as said Beauty Shop is rented or leased to independent parties." The agreement also included the statement that both parties would expend every effort and work together to find a new tenant for the beauty shop.

During July of 1968 J–Town entered into a lease with the defendant Campbell's Academy of Beauty, Inc., hereinafter referred to as the Academy, and on or about October 1, 1968, the Academy began operations as a beauty school in the same shopping center. On September 28, 1968, Buckaway sent a telegram to the Academy advising of the restrictive covenant in his lease with J–Town. Prior to receiving this telegram the Academy had a number of students under contract and had expended some money in preparing the leased premises for its beauty school business.

The trial court found against plaintiffs as to both J–Town and the Academy. As

to J–Town, the trial judge based his judgment upon a determination that the lease which had been canceled by the Lease Cancellation Agreement of January 15, 1968, could not be revived by the agreement between Buckaway and J–Town dated January 18, 1968. The learned chancellor further reasoned that the latter agreement, standing alone, could not be a valid lease because its term was not definite and was contingent upon the premises being leased to another party. As to the Academy, the judge reasoned that it was an innocent party since its notice of the restrictive covenant was received after it had incurred considerable expense and therefore it could not be liable for any damages caused by its breach.

■ The chancellor did not reach nor have the parties briefed the crucial question of whether the operation of a "beauty school" is in violation of the restriction against other "beauty shops" in the shopping center. Under the circumstances of this case we hold that it is. A strong argument could be made to the contrary in view of the strict construction position we have taken in the past concerning covenants in restraint of trade. Cf. Keyes v. Carrick, Ky., 268 S.W.2d 397 (1954). However, it is clear that the purpose of the restrictive covenant in this lease and the intention of the parties were to prohibit competition with the beauty shop, and the evidence is abundant that the beauty school was in fact competing with the beauty shop. Therefore, we find it unnecessary to utilize a rule of construction and find that there has been a breach of the restrictive covenant in the lease.

In determining the liability of J–Town, if any, for breach of the restrictive covenant, it is necessary to determine if there was a valid lease agreement between J–Town and Buckaway.

■■ It is clear that the Lease Extension Agreement of October 5, 1966, did not bind Buckaway for more than one year. The instrument itself restricts his liability to that period of time. However, plaintiffs contend that the agreement between Buckaway and J–Town dated January 18, 1968, constitutes a binding lease. Appellees argue that it is not because there is no definite term and thus it created only a tenancy at will. Cf. Morgan v. Morgan, 309 Ky. 581, 218 S.W.2d 410 (1949). The agreement of January 18, 1968, referred expressly to the prior lease and set out with particularity the term of that lease. Thus, there can be no doubt that the agreement contemplated the termination of the leasehold no later than November of 1971 and an earlier termination upon a leasing of the premises to another party. Does this termination upon a contingency invalidate the lease? Clearly it does not. A lease terminable prior to the expiration of a stated term upon the occurrence of a stipulated condition is valid. Southeastern Land Company v. Clem, 239 Ky. 417, 39 S.W.2d 674 (1931). See also 51C C.J.S. Landlord and Tenant § 89(2) (91); 49 Am.Jur.2d, Landlord and Tenant § 992.

■ In Morgan v. Morgan, supra, we held that where a landlord could terminate a lease by a sale of the property or by re-entering business, it was terminable at his will and to that extent the lease created only a tenancy at will. But in that case there was no definite termination date of the lease. The landlord could have held the tenant to the lease indefinitely. Here there is a definite termination date even though it could be terminated sooner by the renting of the premises to a third party. The lease here is similar to those leases which provide for cancellation prior to the end of the term. The problem then is one of mutuality, which has recently been discussed by this Court in David Roth's Sons, Inc. v. Wright and Taylor, Inc., Ky., 343 S.W.2d 389 (1969). It is clear from the principles set out therein that the lease in question is not void for lack of mutuality.

Here, as in that case, the lessor and lessee both have definite and fixed obligations under the lease even though continuing performance is subject to termination upon certain conditions. Accordingly, the judgment of the trial court must be reversed as to the defendant J–Town.

 As to the Academy, we are of the opinion that since notice concerning the restrictive covenant came only after it had executed the lease and incurred expenses in remodeling the premises the judgment of the trial court should be affirmed. Vaughan v. General Outdoor Advertising Co., Ky., 352 S.W.2d 562 (1961) is not controlling because there it was found that the subsequent lessee had notice of the restrictive covenant. Although the opinion is not clear as to when the subsequent lessee received notice, it must be presumed to have been prior to entering into its own lease or at least prior to incurring any expense or liability as a result thereof. Otherwise, the question of notice would be immaterial. In any event, we now hold that a subsequent lessee must have notice of the rights of the other lessee prior to executing his own lease. Such notice can quite simply be given by recording the lease instrument containing the restrictive covenant.

Since the termination date of the lease between Buckaway and J–Town is now past, the injunctive relief sought cannot be granted, but the question of damages remains to be determined by the trial court.

The judgment is reversed as to the defendant J–Town Center, Inc. and is affirmed as the defendant Campbell's Academy of Beauty, Inc.

All concur.