Robert L. PACE; Dorothy Pace Morton; Lena Pace Morris; Fagan Pace Sr.; and Betty Pace Turner, Appellants,

v.

Samuel L. BURKE, Executor of the Estate of Rosemary Pace, Appellee.

No. 2003–CA–000251–MR.

Court of Appeals of Kentucky.

Feb. 20, 2004.

Discretionary Review Denied by Supreme Court Dec. 8, 2004.

Kenneth R. Haggard, Hopkinsville, KY, for appellant.

J. Daniel Kemp, Jason E. Holland, Hopkinsville, KY, for appellee.

Before COMBS, JOHNSON and MINTON, Judges.

## OPINION

JOHNSON, Judge.

Robert L. Pace, Dorothy Pace Morton, Lena Pace Morris, Fagan Pace, Sr., and Betty Pace Turner (appellants) have appealed from an order of the Christian Circuit Court entered on January 30, 2003, which granted Rosemary M. Pace's [1] motion for summary judgment. Having concluded that the trial court erred as a matter of law by determining that the agreement in question was not binding due to a lack of mutuality of obligation, we reverse and remand for further proceedings.

---

1. Subsequent to the entry of the trial court's order below, Rosemary died on March 5, 2003. On June 16, 2003, this Court entered an order granting the appellants' motion to substitute Samuel L. Burke, the executor of Rosemary's estate, as appellee.

R.E. Pace, Sr. and Rosemary were married in 1954. Both R.E. and Rosemary had children from previous marriages. The appellants herein are R.E.'s natural children from his prior marriage. On July 1, 1957, R.E. and Rosemary purchased a farm from J.P. Pace and his wife, Maggie. The deed of conveyance specifically stated that R.E. and Rosemary received title to the farm "equally and jointly for life with the remainder to the survivor of them in fee simple. . . ."

On July 10, 1957, the same day the deed of conveyance was recorded in the Christian County Court Clerk's Office, R.E. and Rosemary entered into an agreement which provided in pertinent part as follows:

It is mutually agreed between these parties that the survivor shall have the use of the [farm] until his or her death and at that time, by will the property, shall be devised one half to the children of R.E. Pace Sr. and one half to the children of Rosemary M. Pace.

Approximately two years later, on August 25, 1959, R.E. executed his last will and testament. R.E.'s will stated in relevant part as follows:

The remainder of my estate, both personal and real of every kind and description, wherever the same may be situated, owned by me at the time of my death I devise and bequeath share and share alike to my six children, to wit: R.E. Pace, Jr., Fagan W. Pace, Robert L. Pace, Dorothy Dell Pace Morton, Betty Stone Pace Turner and Lena Rivers Pace Morris.

On August 27, 1979, R.E. died and his will was admitted to probate. Pursuant to the survivorship clause in the deed of conveyance, Rosemary took sole title to the farm.

Approximately 22 years later, on November 28, 2001, the appellants filed a petition for declaratory judgment in Christian Circuit Court. The appellants noted that Rosemary had "expressed her refusal to honor" the agreement requiring her, as the survivor of R.E. and Rosemary, to devise one-half of the farm to R.E.'s children and one-half of the farm to Rosemary's children. The appellants asked the trial court to determine whether Rosemary was bound by the terms of the agreement.

On January 6, 2003, Rosemary filed a motion for summary judgment, arguing that she was entitled to rescind the agreement on the grounds that R.E. had failed to perform his obligations under the agreement. Specifically, Rosemary argued that since R.E.'s will did not provide for the farm to be devised in accordance with the couple's agreement, she was not bound by the terms of the agreement. On January 30, 2003, after a hearing was held on the matter, the trial court entered an order granting Rosemary's motion for summary judgment. The trial court ruled that the agreement was not binding on Rosemary due to a "lack of mutuality" of obligation. This appeal followed.

Summary judgment is only proper "where the movant shows that the adverse party could not prevail under any circumstances."[2] The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."[3] This Court has previously stated that "[t]he standard of review on appeal of a summary judgment is whether

---

2. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991) (citing *Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985)).

3. *Steelvest, supra*, (citing *Dossett v. New York Mining & Manufacturing Co.*, Ky., 451 S.W.2d 843 (1970)).

the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. There is no requirement that the appellate court defer to the trial court since factual findings are not at issue" [citations omitted].[4]

■ The appellants' sole argument on appeal is that the trial court erred as a matter of law by determining that the agreement was not binding upon Rosemary due to a lack of mutuality of obligation. We agree.

■ A valid contract to make a will is binding upon the parties to the agreement.[5] For an agreement to be deemed valid and enforceable, there must be a mutuality of obligation between the contracting parties.[6] As the former Court of Appeals noted in *David Roth's Sons, Inc. v. Wright & Taylor, Inc.*,[7] the concept of mutuality of obligation is "closely related to the theory of consideration in the law of contracts." The Court explained that "[w]here an agreement is founded solely upon reciprocal promises, unless each party has assumed some legal obligation to the other the contract is wanting in consideration and is lacking in mutuality." [8]

■ As we mentioned previously, R.E. and Rosemary agreed that "the survivor shall have use of the [farm] until his or her death *and at that time,* by will the property, shall be devised one half to the children of R.E. Pace Sr. and one half to the children of Rosemary M. Pace" [emphasis added]. We interpret the plain and ordinary meaning of this contractual language [9] to require the survivor of R.E. and Rosemary to devise the farm under his or her will in accordance with the couple's agreement. Thus, the agreement between R.E. and Rosemary does not fail for want of mutuality of obligation. As evidenced by the aforementioned deed of conveyance, R.E. and Rosemary held title to the farm as joint tenants with the right of survivorship. This form of ownership simply meant that both R.E. and Rosemary had the right to use and enjoy the farm during their lives, and that the surviving spouse would become the sole owner in fee simple following the other spouse's death.[10] A fee simple ownership interest includes the right to dispose of the property by will as the owner desires.

However, the couple's agreement limited the surviving spouse's ability to dispose of the farm by will. R.E. agreed that if he survived Rosemary, he would execute a will devising one-half of the farm to his children, and one-half of the farm to Rosemary's children. Similarly, Rosemary agreed that if she survived R.E., she would execute a will devising one-half of the farm to her children, and one-half of the farm to R.E.'s children.

Therefore, following the execution of the agreement in question, both R.E. and

4. *Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 781 (1996).

5. *Farmers National Bank of Danville, Kentucky v. Young,* 297 Ky. 95, 101, 179 S.W.2d 229, 233 (1944).

6. *Ford v. McGregor,* 314 Ky. 116, 118, 234 S.W.2d 493, 494 (1950)(stating that "[a] contract which is not mutually obligatory on the parties is void and cannot be specifically enforced").

7. Ky., 343 S.W.2d 389, 390 (1961).

8. *Id.*

9. *Nationwide Mutual Insurance Co. v. Nolan,* Ky., 10 S.W.3d 129, 131 (1999).

10. *See Sanderson v. Saxon,* Ky., 834 S.W.2d 676, 678 (1992)(describing a joint tenancy with the right of survivorship).

Rosemary were legally obligated to execute a will in accordance with that agreement, in the event he or she survived the other spouse.[11] In exchange for each spouses promise to devise one-half of the farm to the other spouses children, R.E. and Rosemary were assured that his or her children would receive one-half of the farm in the event he or she predeceased the other spouse. Hence, both spouses received reciprocal benefits and burdens under the terms of their agreement,[12] and there was thus a mutuality of obligation between the parties. Accordingly, the trial court erred as a matter of law by determining that the contract failed for a lack of mutuality of obligation.

 Rosemary's estate takes the position that since R.E.'s will did not contain a provision devising the farm in accordance with the couple's agreement, he breached the agreement and Rosemary was free to consider the contract abandoned. We disagree. While it is true that as a general rule, one party's total failure to perform his obligations under a contract justifies the non-breaching party in treating the contract as abandoned and suspending his own performance,[13] we hold that R.E.'s will did not constitute a failure to perform his obligations under the couple's agreement.

At the time R.E. executed his will in 1959, Rosemary was still alive. Under the express terms of the couple's agreement, the obligation to execute a will in accordance with the terms of that agreement did not arise until either R.E. or Rosemary died.[14] Furthermore, even though R.E.'s will provided that all of his real property was to be divided equally among his six children, this provision did not contradict the terms of the agreement. R.E. and Rosemary owned the farm as joint tenants with the right of survivorship, which meant that R.E.'s ownership interest in the farm was not affected by the terms of his will, and instead passed immediately to Rosemary upon his death.[15] If Rosemary had predeceased R.E., he would have become obligated to execute a will in accordance with the terms of the agreement. However, since R.E. executed his will when Rosemary was still alive, this will did not constitute a breach of the couple's agreement.

11. *David Roth's Sons*, 343 S.W.2d at 391 (holding that "[i]f both parties are bound by mutual obligations for even a short period of time, the contract cannot be avoided by either party on this ground").

12. See *Phillips v. Phillips*, 294 Ky. 323, 335, 171 S.W.2d 458, 464 (1943)(defining consideration as " '[a] benefit to the party promising, or a loss or detriment to the party to whom the promise is made. "Benefit," as thus employed, means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled. And "detriment" means that the promisee has, in return for the promise, forborne some legal right which he otherwise would have been entitled to exercise' ")(quoting *Luigart v. Federal Parquatry Manufacturing Co.*, 194 Ky. 213, 238 S.W. 758, 760 (1922)).

13. *Dalton v. Mullins*, Ky., 293 S.W.2d 470, 476 (1956)(holding that where one party refused to perform the contract as written, the non-breaching party "had the right to treat this action as a breach, to abandon the contract, and to depart from further performance on his own part and finally demand damages").

14. The obligation to actually *execute* a will in accordance with the terms of the agreement should not be confused with each spouse's *promise* to execute a will in the event he or she survived the other. While the former was an obligation that would ultimately fall on only one spouse, the latter was a mutual obligation undertaken by both spouses as a result of their reciprocal promises.

15. See *Sanderson*, 834 S.W.2d at 678 (noting that at the death of one joint tenant, his interest passes to the survivors).

Accordingly, Rosemary remained bound by the terms of the agreement and was not entitled to treat the agreement as abandoned.

Based on the foregoing, the order of the Christian Circuit Court is reversed, and this matter is remanded for further proceedings consistent with this Opinion.

MINTON, Judge, concurs.

SARA W. COMBS, Judge, dissents and files separate opinion.

SARA W. COMBS, Judge, dissenting.

I respectfully dissent from the majority opinion. When R.E. failed to draft his will in accordance with his promise, he breached his agreement with Rosemary. There can be no other reasonable interpretation of his conduct or of its legal implications. His only obligation under their agreement was to draft his will as the reciprocal counterpart of the will that Rosemary promised to execute.

The majority opinion reasons that the terms of their agreement "did not arise until either R.E. or Rosemary died." I disagree. The obligation arose immediately. The passage of time alone delayed its execution but did not vitiate or alter its binding nature. In failing to keep his promise, R.E. released Rosemary from her obligation to do so. The promise simply cannot be finessed away under the inescapably clear and simple terms of the agreement.

Breach of the agreement for lack of mutuality is the only possible conclusion that the trial court could have reached. It reasoned correctly. Therefore, I would affirm the court's entry of summary judgment in this case.